### WILLIAM REED ET AL. v. VOLNEY CAVITT ET AL.

#### No. 1202.

1. **Infant Feme Sole Defendant Marries—Her Husband a Necessary Party.**—By article 1253, Revised Statutes, "a suit against a feme sole shall not abate by her marriage," etc. This article would seem to require that the plaintiff in the case resort to the procedure required (scire facias to make the husband a party), in order to have him before the court.

2. **Husband and Wife—Necessary Parties.**—In a suit for recovery of the separate property of the wife, the husband is a necessary party. He is equally so when he marries pending the suit. The defect, having been urged in motion for new trial, is ground for reversal of the judgment against her.

3. **Final Judgment—Article 1337, Revised Statutes.**—Article 1337, Revised Statutes, requires, that only one final judgment shall be rendered in a case. And touching this article it has been held, that no final judgment can be rendered against one until it is rendered against all, however independent of each other their respective defenses may be. Error against one defendant requires reversal of the entire judgment. See example.

APPEAL from Bell. Tried below before Hon. W. A. BLACKBURN.

This is an appeal from a judgment in favor of Clara J. Cavitt, joined by her husband, as plaintiffs, against "the defendants, Virginia Sypert, Joseph M. Sypert, Texana Rucker, W. S. Reed, Mrs. Martha Rogers, Volney Reed, Florence McKnight, James McKnight, Ida Travis, R. L. Travis, Elizabeth Stone, J. B. Stone, Martha Reed, Sallie Reed, Wiley Reed, Emma Reed, James Reed, N. M. Reed, Mary A. Goode, and J. R. Rucker, defendants; the defendants Martha Reed, Sallie Reed, Emma Reed, Wiley Reed, and James Reed being represented by their guardian ad litem C. A. Brand, duly qualified to act in said capacity, for the title and possession of" a tract of land described in the judgment. The litigation was over a question of boundary. Pending suit, the defendant Martha Reed was married to

J. D. Lindsay. The marriage was suggested, but the husband was not made a party. Other matters necessary are set out in the opinion. The merits of the controversy as to the ownership of the land were not discussed. The appeal was by the defendants.

*Harris & Saunders* and *James Boyd*, for appellants.—1. The defendant Martha Lindsay, who was sued as Martha Reed, was an orphan minor, under the age of 21, at the time of the institution of this suit, and on the 9th day of August, 1893, while yet a minor, she was lawfully married to J. D. Lindsay. She is now, and was at the date of the rendition of the judgment in this case against her, on, to wit, January 8, 1894, the wife of said J. D. Lindsay, a feme covert, with no power to make her just defense. Her said husband was never made a party to this suit by citation or otherwise, nor did he ever voluntarily appear, or make himself a party thereto, nor did he defend said suit at the trial thereof in January, 1894, nor in fact did she or her said husband know anything of said trial or judgment until they were informed, January 14, 1894, after said judgment was rendered, etc. The court had no jurisdiction to render judgment against her.

2. The judgment, if not absolutely void, is at least voidable, if not absolutely void as to her. (1) Because her said husband was not made a party thereto in any manner required by law. (2) Because it is not rendered against her by her true name. (3) The court erred in refusing to set aside the judgment, etc. McIntyre v. Chappell, 2 Texas, 378; Taylor v. Murphy, 50 Texas, 291; Mitchell v. Wright, 4 Texas, 286; Edwards v. Dismukes, 50 Texas, 612; John v. Battle, 58 Texas, 596; Wallace v. Finburg, 46 Texas, 45, 46; Ezell v. Dodson, 60 Texas, 331; Steinborn v. Weil & Bro., 1 W. & W. C. C., sec. 935; Milam Co. v. Robertson, 47 Texas, 222; Wills. C. C., sec. 465; Morse v. Tappon, 3 Gray, 411; Griffiths v. Clarke, 18 Md., 457; Higgins v. Peltzer, 49 Mo., 152; Terl v. Sweeney, 66 Mo., 617; Rev. Stats., art. 1253.

*Monteith & Furman*, for appellees.—The plea of coverture is a plea in abatement, and should be sworn to. Foster v. Smith, 1 Texas, 70; Bishop v. Henry, 34 Texas, 251, 252; Shipmen v. Allee, 29 Texas, 20; Phelps v. Bracket, 24 Texas, 237; Caldwell v. Brown, 43 Texas, 217.

The proper practice upon the marriage of a feme sole is to present the fact by motion or suggestion before trial. Railway v. Calloutte, 79 Texas, 341.

Application to make new parties must be made before the cause is called for trial. Reagan v. Copeland, 78 Texas, 551.

New trial will not be granted to make parties after the trial. 1 Posey's U. C., 649.

Nonjoinder of parties will not support motion in arrest of judgment; it must be specially pleaded. Perez v. Everett, 73 Texas, 431; Railway v. Le Gierse, 51 Texas, 189; Davis v. Willes, 47 Texas, 155.

Motion for a new trial more than two days after judgment is in the discretion of the court. Gill v. Rogers, 37 Texas, 623.

Counsel also cited: Cannon v. Hemphill, 7 Texas, 199; Cayce v. Powell, 20 Texas, 771; Baxter v. Dean, 24 Texas, 22; Henderson v. Terry, 62 Texas, 281; Blum v. Goldman & Son, 66 Texas, 622; Hawes on Parties, sec. 63; Dicey on Parties, pp. 506, 509; Koehler v. Berncler, 63 Mo., 368; Haines v. Corlis, 4 Mass., 659; Goodwin v. Kenny, 49 Conn., 564; Coffey v. Proctor Coal Co., 20 S. W. Rep., 286; McAnear v. Epperson, 54 Texas, 220; Wheeler v. Ahrenbeak, 54 Texas, 536; Thomas v. James, 10 Texas, 52; Kegans v. Alcorn, 9 Texas, 34; Corsicana v. Ker, 75 Texas, 208; Daniel's Chy. Pr., 631; Story's Eq. Pl., 130; Beams on Pleas, 130; Beach Modern Eq. Pr., sec. 52; 14 Am. and Eng. Encyc. of Law, 650.

FISHER, CHIEF JUSTICE.—Martha Reed, a minor, is a party defendant to this suit, and judgment below was rendered against her in that capacity. She, as such minor, was represented in the case by a special guardian. During the pendency of the suit, and before judgment, she married J. D. Lindsay. Her marriage was not suggested before judgment, and Lindsay was not made a party. This fact was brought to the attention of the court by a motion for new trial. The question is whether the judgment is erroneous under the circumstances as to Martha Lindsay, her husband not being a party to the action and not included in the judgment.

Article 1253, Sayles' Civil Statutes, reads as follows: "A suit instituted against a feme sole shall not abate by her marriage, but upon a suggestion of such marriage being entered on the record in open court, or upon a petition representing that fact being filed with the clerk, it shall be his duty to issue a scire facias to the husband of such defendant, and upon the return thereof executed, the husband shall be made a party to such suit, and it shall proceed as if such husband and wife had originally been defendants in such suit." The tone of this article of the law would seem to require that it is the duty of the plaintiff in the case to resort to the procedure required by this statute in order to have the husband before the court.

The property in controversy, so far as the interest of Martha Lindsay extends, is her separate property, and it has been steadily held, that in a suit involving the wife's separate property the husband is a necessary party, with some few exceptions, in neither of which does this case fall. If the duty rests upon the plaintiff who seeks to recover the wife's separate estate to make her husband a party to the suit, it seems equally clear that the same duty would rest upon a plaintiff when he seeks to hold a feme sole liable after her marriage, since she was brought into the suit, but before judgment was rendered. The husband, under the statute, is as much a necessary party in one instance as in the other, and the reason upon which rests the necessity of his joinder exists in one case as well as in the other. The plaint-

iffs below, when the defect in the judgment in this respect was called to the attention of the court in the motion for new trial, did not show that they were ignorant of the marriage, or state any facts that would excuse them from making the husband of Mrs. Lindsay a party. The court, for the reason stated, should have granted the motion for a new trial.

In reply it has been suggested that if there was error in this respect it only affects Mrs. Lindsay, and that the judgment as to the other defendants should be affirmed. Article 1337, Sayles' Civil Statutes, requires, that only one final judgment shall be rendered in a case, and the court, in Wootters v. Kaufman, 67 Texas, 496, in construing this article, says that no final judgment can be rendered against one until it is rendered against all, however independent of each other their respective defenses may be. This is the rule in this court, as followed in the recent case of Nasworthy v. Draper, in the opinion on motion for rehearing, where it is held that a reversal as to one will operate as a reversal of the entire case. We are aware that there are some decisions that hold differently, but this court desires to follow the plain provision of the statute upon the subject. Exceptions to this rule might exist in cases in which it is clearly shown that the defendants, although joined in one suit, hold separate, several, and distinct interests in the land in controversy of such a character as to permit separate controversies, and in which a severance may be had. But this does not appear to be a case of that character.

The assignments of error complaining of the charges of the court are too general to be considered, and the one requested and refused, as set out in the third assignment of error, is on the weight of evidence.

In view of the fact that the case will be again tried, we decline to pass upon the facts.

For the error pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 17, 1895.