**BUELL PLANING MILL CORP. v. BULLARD et al. (No. 7042.)**

(Court of Civil Appeals of Texas. Dallas. Nov. 25, 1916.)

1. MECHANICS' LIENS &⟶315 — CONTRACTOR'S BOND — MATERIALMAN AS BENEFICIARY — FAILURE TO GIVE NOTICE.

Where the bond of a contractor for a church building provided that the bond was for the use and benefit of all persons who became entitled to liens under the contract and might be sued upon by them as if executed to them, and was conditioned that the contractor pay all indebtedness, etc., and complete the contract free of mechanics' liens, a materialman who did not give notice to the church in the time and manner specified by statute was entitled to sue the sureties on the bond for the payment of his debt.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 658; Dec. Dig. &⟶315; Contracts, Cent. Dig. §§ 793, 794.]

2. APPEAL AND ERROR &⟶154(4) — RIGHT TO APPEAL—CONTRACTOR'S BOND—SURETIES.

In an action by a materialman against the contractor and sureties on his bond, which was for the benefit of all persons who became entitled to liens, where the contractor admitted liability, and exceptions of sureties to complaint were sustained, plaintiff's election to take judgment against the contractor was not voluntary so as to prevent him from seeking relief by appeal from the error committed in sustaining the exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 966–968; Dec. Dig. &⟶ 154(4).]

3. APPEAL AND ERROR &⟶1173(3)—REVERSAL—EFFECT—PARTY NOT PARTY TO APPEAL.

Under the statute providing that there shall be but one final judgment in a case, although there may be several defendants, and no final judgment can be rendered against one until rendered as to all, however independent of each other their respective defenses may be, in an action against a contractor sureties on his contractor's bond, a judgment against the contractor on his admission of liability and sustaining exceptions of sureties to the complaint was a final one disposing of the case as to all parties, so that on an appeal from the court's action in sustaining the exceptions, to which the contractor was not a party, a reversal for error will operate as a reversal as to all parties including the contractor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4570; Dec. Dig. &⟶1173(3).

For other definitions, see Words and Phrases, First and Second Series, Final Judgment.]

Error from District Court, Ellis County; F. L. Hawkins, Judge.

Suit by the Buell Planing Mill Corporation against E. S. Boze and others. From a judgment for plaintiff against named defendant, but sustaining exceptions of defendants George P. Bullard and others, and from an order overruling plaintiff's motion for new trial, plaintiff brings error. Reversed and remanded.

Locke & Locke, of Dallas, for plaintiff in error. G. C. Groce and J. L. Gammon, both of Waxahachie, for defendants in error.

RAINEY, C. J. This suit was brought by Buell Planing Mill corporation to recover from E. S. Boze and his bondsmen, George P. Bullard, W. A. Crow, R. C. Johnston, J. W. Harrison, and J. L. Gammon, a balance of $809.84, and interest, for certain building material said to said Boze for use in the construction of a church building in Abilene, Tex. The cause was tried by the court without a jury, and judgment was rendered in favor of the plaintiff against E. S. Boze for $902.49, and costs. But, certain exceptions by the other defendants to the plaintiff's petition having been sustained, and the plaintiff having declined to amend, judgment was rendered that the plaintiff take nothing against them. The plaintiff filed a motion for new trial, and duly assigned therein the errors of the court in sustaining such exceptions, and on the overruling of such motion prosecuted a writ of error to this court for the revision of the judgment.

The exceptions sustained to plaintiff's petition were as follows:

"(1) It does not appear from said petition that plaintiff ever had any lien or right of lien against the First Baptist Church of Abilene, Tex., or that it ever became entitled to a lien upon said church under the contract between said church and defendant Boze, alleged in said petition, according to the provisions of law in such cases made and provided."

"(3) It does not appear from said petition that plaintiff ever fixed a lien upon the church mentioned therein or ever became entitled to fix a lien upon said church according to the provisions of law in such cases made and provided, or ever attempted so to do."

To this ruling of the court the plaintiff duly excepted and assigns error.

The petition, after omitting formalities, reads as follows:

"(1) Under date of October 20, 1909, the defendant E. S. Boze, who is a contractor by occupation, entered into a written contract with the First Baptist Church of Abilene, Tex., for the erection of a church building on lots 4, 5, and 6 in block 47 of the city of Abilene, Tex. In said contract the said defendant Boze agreed to furnish all the labor and material for said building and to deliver the same complete to said the Baptist Church of Abilene, Tex. He also agreed to furnish said the Baptist Church of Abilene, Tex., with a release from any liens or rights of lien against said property or building by means of a bond annexed to said contract. In pursuance of said agreement, said bond was duly executed by the defendant Boze and by all of the other defendants herein, and duly delivered to said the Baptist Church of Abilene, Tex. Said bond is in words and figures substantially as follows:

"'Know all men by these presents that I, E. S. Boze, and the following signers, of the city of Waxahachie, county of Ellis, state of Texas, are held and firmly bound unto trustees of First Baptist Church of Abilene, county and state, as well as to all persons who may become entitled to liens under the contract hereinbefore mentioned, in the sum of ten thousand six hundred and eighty-seven and 50/100 dollars lawful money of the United States of America, to be paid to the said trustees of the First Baptist Church of Abilene, and to said parties who may be entitled to liens, their executors, administrators, or assigns, for which payment well and truly to be made we bind ourselves, one and each of our heirs, execu-

tors, and administrators, jointly and severally, firmly by these presents.

" 'Sealed with our seals; dated this 20th day of October, 1909.

" 'The condition of this obligation is such that, if the above-bounden E. S. Boze, his executors, administrators, or assigns, shall in all things stand to and abide by, and well and truly keep and perform the covenants, conditions, and agreements in above-mentioned contract, entered into by and between the said E. S. Boze, of Waxahachie, Texas, and the said trustees of First Baptist Church of Abilene, dated on the 20th day of October, 1909, for the construction of the work or works on the lot mentioned in the foregoing contract, and shall and duly and promptly pay and discharge all indebtedness that may be incurred by the said contractor in carrying out the said contract, and complete the same, free of all mechanic's liens, and shall truly keep and perform the covenants, conditions, and agreements in said contract and in the within instrument contained, on his part to be kept and performed, at the time and in the manner and form therein specified, as well as all costs, including attorney's fees, in enforcing the payment and collection of any and all indebtedness incurred by said E. S. Boze in carrying out the said contract, then the above obligation shall be void; else to remain in full force and virtue.

" 'This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract, according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person.

" 'In testimony whereof witness the hands and seals of the said E. S. Boze and said bondsmen hereto affixed the day and year above written.

" '[Signed]    'E. S. Boze.
" 'Geo. P. Bullard.
" 'W. A. Crow.
" 'R. C. Johnston.
" 'J. W. Harrison.
" 'J. L. Gammon.'

"(2) Thereupon the defendant Boze commenced the erection of said building, purchasing such materials as were needed therefor from time to time; and as the work progressed said the First Baptist Church of Abilene, Tex., made payments to said Boze on account thereof, in accordance with said contract. Thereafter, in December, 1910, said building was completed, and was delivered to and accepted by said the Baptist Church of Abilene, Tex., and the balance due of the entire contract price of $42,790 was thereupon paid by said the Baptist Church of Abilene, Tex. The payments so made by said the First Baptist Church of Abilene, Tex., and especially the payment last made as aforesaid, were made in reliance upon the bond aforesaid.

"(3) During the erection of said building the plaintiff corporation, which is engaged in the business of manufacturing and selling building material, furnished to the said Boze at his instance and upon his order, for use in the erection of said building, a large amount of material, the items whereof are set forth in a verified account attached to this petition, marked Exhibit A, and hereby made a part thereof. All of said material was furnished by the plaintiff to be used in the erection of said building, and all of the same actually was used in the erection thereof. For all of said material, excepting the last three items thereof, to wit, 18 window stools $1\frac{1}{16}$ by $11\frac{1}{2}$ by 5–0, 14 window stools $1\frac{1}{16}$ by $11\frac{1}{2}$ by 4–0 and 1 window stool $1\frac{1}{16}$ by $11\frac{1}{2}$ by 8–0, the said defendant Boze promised, and became liable, to pay to the plaintiff the sum of $2,250 in cash; and for said three items of material the said defendant Boze promised and became liable to pay to the plaintiff the reasonable value thereof, which was the sum of $11.50 in cash. Thereafter, on account of said material, the said de-

fendant Boze paid to the plaintiff in the aggregate the sum of $1,451.66. The items of said payments are set forth in the verified account attached to this petition, marked Exhibit A, and made a part hereof. But the remainder of the sum which the said defendant Boze so promised to pay and became liable to pay, though long since past due, has never been paid by the said defendant Boze or by any one else for him. Frequent and repeated demands have been made upon him for the payment thereof, but he has failed and refused to pay the same or any part thereof.

"(4) By the terms of the bond aforesaid the defendants bound themselves not only to the trustees of the First Baptist Church of Abilene, Tex., but also to all persons who might become entitled to liens under said building contract, in the sum of $10,687.50, conditioned, among other things, that the said defendant Boze should duly and promptly pay and discharge all indebtedness that might be incurred by him in carrying out said contract, and it was expressly provided in said bond as aforesaid that the same was made for the use and benefit of all persons who might become entitled to liens under said contract, according to the provisions of law in such cases made and provided, and that it might be sued upon by such persons as if executed to them in proper person.

"(5) The indebtedness to this plaintiff above set out was incurred by the said defendant Boze as contractor in carrying out said building contract, and this plaintiff by reason of the facts hereinbefore set forth was one of those who, according to the provisions of law in such cases made and provided, might become entitled to a lien under said building contract, and was entitled to a lien, and so was one of those for whose benefit said bond was executed and to whom the defendants bound themselves thereby.

"(6) By reason of the premises the defendants bound themselves, and became liable, jointly and severally, to pay the plaintiff the amount of the indebtedness aforesaid, together with interest thereon, at the rate of 6 per cent. per annum."

[1] The first proposition submitted by plaintiff in error is:

"The averments of the petition that the defendant E. S. Boze was under contract with the church for the erection of the building, that the material in question was purchased by him and supplied to him for use in the construction thereof, and that it was used in the construction thereof are sufficient to show that the plaintiff is one of the persons for whose benefit the bond sued on was executed, even though it be not alleged that at the time and in the manner specified by statute the plaintiff gave notice to the church of its claim, and filed affidavit and statement thereof in the office of the county clerk of the county."

In sustaining said exceptions to the petition we are of the opinion that the court erred. In the case of Bullard v. Norton, 182 S. W. 668, decided by our Supreme Court, where the bond was the same as here sued on, it was held that a cause of action in favor of a materialman was given and upon that case our holding is based and the citing of other authorities is unnecessary.

[2, 3] It is contended, however, by defendant in error that, after exceptions were sustained to the cause of action as to the sureties, plaintiff refused to amend and elected to take judgment against Boze, the principal in said bond, with an award of execution, which is final, and which operates as a release of

the sureties, as Boze is not a party to this writ of error.

The proposition is submitted that:

"In this state of the record we submit that this action operated legally as a discontinuance as to the sureties; for under our statutes there can be but one final judgment in a suit."

It is argued that:

Had said exceptions been overruled, defendant in error "would have had the right then to have pleaded over against Boze and to have judgment over against him for any amount that might have been adjudged against them."

Our statute provides, as à general rule, for the rendering of but one final judgment in a case, but we do think this rule will not be infringed by a reversal here. Boze admitted his liability, and the sustaining of the excep tions by the court as the case was on trial left plaintiff no other alternative but to take judgment on Boze's confession, so such election by plaintiff was not voluntary, and should not prevent his seeking relief from the error committed by appeal. Before plaintiff could have recovered judgment against the sureties it was necessary that judgment be rendered against Boze, and to say under the circumstances that plaintiff' has no relief against the injustice done him is evidently not contemplated by law.

The judgment in this case was a final one, disposing of the case as to all parties. It is erroneous as relates to defendants in error. Boze confessed judgment, and cannot complain. He is not made a party to this appeal, but the case is here, and, as the sureties were deprived of an opportunity to have judgment over against him in the event one was rendered against them, we think a reversal in this case operates as a reversal as to all parties, which will afford such relief to the sureties as they may be entitled to on a new trial.

Under the principle laid down in Wootters v. Kauffman, 67 Tex. 489, 3 S. W. 465, followed in case of Nasworthy v. Draper, 29 S. W. 557, and Reed v. Cavitt, 10 Tex. Civ. App. 373, 30 S. W. 575, this judgment is reversed, and cause remanded.