### POWELL v. DYER et al. (No. 6481.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 2, 1921.)

1. **Abatement and revival** ⬅⮞34—**Where feme sole sued, but marries before judgment, husband must be impleaded.**

Where a feme sole is sued, but marries while the suit is pending and before judgment rendered, Rev. St. art. 1893, provides the husband shall be impleaded as a defendant, when the suit shall proceed to the end against husband and wife jointly, which must be done before an effective judgment can be rendered, a requirement not affected by Acts of 1913, c. 32, enlarging the rights of married women; the burden to see that the requirement is met being on plaintiff.

2. **Abatement and revival** ⬅⮞34—**Evidence sufficient to prove subsequent marriage of woman sued as feme sole.**

In suit to cancel a deed, brought against a feme sole, evidence *held* sufficient to prove the coverture of the woman prior to judgment, rendering the judgment ineffectual for lack of joinder of her husband.

3. **Evidence** ⬅⮞353(12) — **Note and deed of trust securing it executed by defendant admissible, although executed without consideration.**

In an action to cancel a deed, brought against a woman sued as a feme sole, a $500 note, and deed of trust securing it, both executed by the feme sole defendant, *held* admissible as against the objection that they were executed without consideration, and to defraud the woman's creditors, including plaintiff; the questions of lack of consideration and of fraud being peculiarly questions of fact to be considered in connection with the instruments themselves.

---

⬅⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error ⬳733—Assignment court erred in calculation of interest too general.**

In suit to cancel a deed, assignment of error of plaintiff appellant that the court erred in the calculation of interest due on the notes sued on in a cross-action, and entering judgment erroneously and in excess of the sums due other than a $500 note sued upon, is too general, as is the proposition thereunder, the statement in the assignment not showing what interest was allowed in the judgment, nor even the amount of the judgment.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by George Powell against Mattie Dyer and others, wherein N. M. Marshall filed answer and cross-action. From a judgment for plaintiff and Marshall, plaintiff and defendant Dyer appeal. Judgment reversed, and cause remanded.

E. H. Powell, of San Antonio, for appellant Powell.

Forrest Campbell, of San Antonio, for appellees.

SMITH, J. George Powell brought this suit against Mattie Dyer, Mary Williams, H. D. Manton, Mary Marshall, and J. P. Forrest: (a) To cancel a certain deed by which Mary Williams sought to convey to Mattie Dyer lot No. 2, block No. 3, new city block No. 3977, in Mission Park addition to the city of San Antonio, and lot No. 2, city block No. 605, in said city, and to vest title to said lots in said Powell; (b) to cancel a certain promissory note for $500, executed by Mary Williams and payable to N. M. Marshall, in so far as same was a charge against said property; and (c) to cancel a deed of trust, executed by Mary Williams, by which said property was sought to be conveyed in trust to J. P. Forrest, trustee, to secure the payment of said $500 note. The cancellation of these instruments was sought upon the ground that they were executed for the purpose of "hindering, delaying, and defrauding" the creditors of Mary Williams, and particularly the said Powell, who was one of such creditors. N. M. Marshall filed an answer and cross-action, alleging the execution and asserting the validity of the $500 note and of the deed of trust to secure same, and setting up in addition thereto her ownership of a vendor's lien against said lots, her asserted claims under these liens amounting to over $3,600, for which, together with foreclosure of said liens upon said property, she prayed judgment against Powell, Mattie Dyer, and Mary Williams. Trial was had before the court, without a jury, resulting in a judgment in favor of Powell, setting aside the deed from Mary Williams to Mattie Dyer, and vesting in Powell the title to the lots, while on her cross-action N. M. Marshall recovered judgment establishing the validity

of the $500 note, and of the deed of trust and vendor's liens, and for the debt of $3,600, and foreclosing said liens for said amount upon said property, against Powell, Dyer, and Williams. Both Powell and Dyer have appealed, and filed their briefs. Marshall has filed no brief in this court.

It will be seen that Mary Williams was impleaded by plaintiff as one of the defendants. In plaintiff's amended petition, filed September 14, 1917, upon which that branch of the case was tried, the status of Mary Williams with reference to being a feme sole, a feme covert, or otherwise, is not described. In her answer and cross-action, filed June 29, 1920, defendant N. M. Marshall described Mary Williams as being a feme sole, while in his supplemental petition, filed June 28, 1920, plaintiff Powell refers to her only as "Mary Little." Mary Williams filed no answer, and made no other appearance, but defaulted, and judgment was rendered against her, as Mary Williams, as prayed for both by Powell and by N. M. Marshall. But it was disclosed upon the trial of the case that Mary Williams was at the time of the trial married to one Everett Little. No steps were taken, however, to implead Little, and the case was tried and judgment rendered against his wife as if she were a feme sole, although no reference was made in the judgment to her marital status.

[1] The statutes of this state provide that for all separate debts and demands against the wife the husband and wife shall be jointly sued. Rev. St. art. 1841. There are certain conditions under which this requirement does not apply, but none of these exceptions are made to appear in this case. It is obvious that the causes of action alleged against Mary Williams in this case were for the "separate debts and demands against the wife," and the statute in question exactly applies. Where a feme sole is sued, but marries while the suit is pending and before judgment is rendered, as seems to be the case here, the statutes provide that the husband shall be impleaded as a defendant, when the suit shall proceed to the end against the husband and wife jointly. Article 1893. This must be done before an effective judgment can be rendered. Speer's Law of Marital Rights, § 451; Reed v. Cavitt, 10 Tex. Civ. App. 373, 30 S. W. 575; Tannehill v. Tannehill, 171 S. W. 1050; Carothers v. McNese, 43 Tex. 221; Miller v. Sullivan, 14 Tex. Civ. App. 112, 33 S. W. 695; 35 S. W. 1084; 37 S. W. 778. This requirement was not affected by the act of 1913 (Laws 1913, c. 32), enlarging the rights of married women. Speer's, § 451; Tannehill v. Tannehill, supra. The burden of seeing that this requirement is met is upon the plaintiff in a case. Reed v. Cavitt, supra.

In his motion for new trial appellant Dyer called the attention of the trial court

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to the marital status of Mary Williams, and the action of the court in overruling the motion was error, requiring that the judgment be reversed and the cause, as to all parties, remanded. Reed v. Cavitt, supra.

Appellant Powell contends that Mary Williams was not a necessary party to the suit, and that this fact rendered immaterial the absence of her husband as a party defendant. But we think that contention is overcome by the fact that both Powell, as a plaintiff, and Marshall, as a plaintiff in cross-action, impleaded Mary Williams, and prayed for and obtained judgments against her, whereby, in the one case, she was held to have fraudulently conveyed her property, the title to which was by reason of such holding vested in Powell, and, in the other case, she was charged with a debt of $3,600, to satisfy which the vendor's and deed of trust liens were established and foreclosed against her upon her property.

[2] Appellant Powell also contends that the rule in question cannot be invoked because there is in the record no proof, nor offer of proof, "showing that there was ever a marriage" between Mary Williams and Everett Little. We cannot agree with this contention. Throughout his supplemental petition appellant Powell refers to Mary Williams as "Mary Little," and in each of his bills of exceptions he describes her as "Mary M. Williams (now Mary M. Little)." The statement of facts begins as follows:

"Plaintiff George Powell introduced in evidence a judgment against Mary Williams (Mary Little) now married to Everett Little."

Elsewhere in the statement of facts Mary Williams is repeatedly referred to and described by the witnesses, including appellant Powell, as "Mary Williams, now Little," or as "Mary Williams, or Little." On page 18 of the statement of facts there appears an excerpt from a judgment rendered in one of the district courts of Bexar county on May 27, 1920 (just a month prior to the date of the judgment herein appealed from), wherein "the defendants Mary Little, joined herein by her husband, Everett Little," recovered certain properties, and the concluding clause of the judgment provided that "said defendants, Mary Little and Everett Little, do have their" writs, etc. Now, of course, this was not by any means the most satisfactory method of proving the coverture of Mary Williams, but it is sufficient, in our opinion, and renders the judgment in this case ineffectual. Accordingly, we sustain appellant Dyer's first assignment of error, and hold that for the reasons stated the judgment of the lower court must be reversed, and the cause remanded.

[3] We overrule appellant Powell's first and second assignments of error, in which complaint is made of the action of the court in admitting in evidence the $500 note, and the deed of trust to secure the same, both of which instruments were executed by Mary Williams. The objection urged against the admission of these instruments is that they were executed without consideration, and for the purpose of defrauding Mary Williams' creditors, including appellant Powell. We think it was proper for the court to receive this evidence. If the other testimony in the case, adduced before these instruments were offered, had been of such conclusive nature as to show, as a matter of law, that the instruments were in fact executed without consideration and for the fraudulent purpose suggested, then it might be that their admission was technically error. But the questions of lack of consideration, and of fraud, were peculiarly questions of fact, to be considered in connection with the instruments themselves, which should have been admitted for that purpose, as they were.

Appellant Powell's third assignment of error urges that under the evidence the court erred in rendering judgment establishing the validity of the $500 note, and the deed of trust to secure the note, both of which have already been described. The assignment presents a very serious question in the appeal; but, inasmuch as the judgment must be reversed, for other reasons, and the cause again tried, we will overrule these two assignments.

[4] The fourth assignment of error of appellant Powell complains, among other things, that—

"The court erred in the calculation of interest due on the notes sued upon herein and entering judgment erroneously and in excess of the sums due herein other than the $500 note sued upon."

The assignment is too general, as is the proposition thereunder. The statement under the assignment does not show what interest was allowed in the judgment, nor does it even show the amount of the judgment. None of these facts are disclosed anywhere in any of the briefs on file in the cause. It has been impossible for this court to ascertain from the briefs, or from the record considered in connection with the briefs, just what appellant seeks to complain of in this assignment, which is accordingly overruled.

Appellant Dyer's first assignment of error has been disposed of. The remainder of her assignments complain of findings and conclusions of the lower court, and are overruled.

Judgment reversed and cause remanded.