### ACHTERBERG et al. v. BURTON–LINGO CO.
### No. 2370.

Court of Civil Appeals of Texas. El Paso. Jan. 16, 1930.

Rehearing Granted March 6, 1930.

Turner & Cogdell, of McCamey, for appellants.

H. Womack, of McCamey, for appellee.

HIGGINS, J.

The record in this case contains neither assignments of error nor briefs. The appeal is for this reason dismissed. Rule 38.

### On Rehearing.

Upon the original consideration of this case, the appeal was dismissed because the record contained neither assignments of error nor briefs. At that time no further investigation of the record was made, but in motion for rehearing appellant, Mrs. Achterberg, calls to the attention of the court what we regard as fundamental error in the judgment against her. For this error she asks that the order of dismissal be set aside and the judgment reversed.

■ Where a case has not been briefed, this court, under rule 38, may dismiss the appeal, as was originally here done. But the court, in the exercise of sound discretion, may, in such cases, examine the record for fundamental error, and if such error appear it is the duty of the court to reverse. Bason v. Bason (Tex. Civ. App.) 260 S. W. 687; Haynes v. J. M. Radford Grocery Co. (Tex. Com. App.) 14 S.W. (2d) 811.

■■ The record in this case discloses that the plaintiff, appellee here, filed suit against May Baumgardner, alleged to be a feme sole, to recover a balance due upon open account for goods, wares, and merchandise. In the answer of the defendant she set up that since the institution of the suit she had married Fred Achterberg, with whom she was still living, and he had not been made a party to this suit. She asked that the suit be dismissed because of the nonjoinder of her husband.

The plaintiff recovered the amount sued for, against "the defendant, May Achterberg (formerly May Baumgardner)." It thus affirmatively appears from the clerk's transcript that the defendant had married subsequent to the filing of the suit. This is confirmed by an inspection of the statement of facts, which discloses she was sued as a feme sole, and since the filing of the suit had married Fred Achterberg.

It is clear the court erred in proceeding to judgment against Mrs. Achterberg without her husband having been previously joined as a defendant, and the burden of so joining him rested upon the plaintiff. Article 2084, R. S.; Powell v. Dyer (Tex. Civ. App.) 227 S. W. 731; Reed v. Cavitt, 10 Tex. Civ. App. 373, 30 S. W. 575; Miller v. Sullivan, 14 Tex. Civ. App. 112, 33 S. W. 695, 35 S. W. 1084, 37 S. W. 778.

For the error indicated, the motion for rehearing is granted, and the cause reversed and remanded.