## RHOADES v. FREDWELL.

### No. 9534.

Court of Civil Appeals of Texas. Austin.
Jan. 16, 1946.

Rehearing Denied Feb. 6, 1946.

E. M. Grimes, of Taylor, for appellant.

W. K. McClain, of Georgetown, for appellee.

BLAIR, Justice.

Appellant, Miller Rhoades, sued appellee, Albina Fredwell, his former wife, for change of custody of their two minor children whom the court had awarded to appellee when she obtained her divorce from appellant. Appellee filed a plea in abatement, suggesting that her present husband, Clifford Fredwell, who was in the armed forces of the United States and temporarily in Williamson County, was a necessary party. On the hearing of this plea it was stipulated that Clifford Fredwell was a member of the armed forces and was temporarily in Williamson County, where this proceeding was pending. Counsel for appellant then stated that he did not intend to make the present husband of appellee a party, be-

cause he did not regard him, the stepfather, as being a necessary party to the proceeding for change of the custody of the minor children. Whereupon the trial judge sustained the plea in abatement and dismissed the proceeding; hence this appeal.

Appellant presents one point or question, that "the court erred in sustaining appellee's contention that her present husband is a necessary party defendant to this proceeding."

The facts alleged by the pleadings, and as hereinabove stipulated, are in substance as follows:

Appellant, Miller Rhoades, and appellee, Albina Fredwell, were husband and wife prior to September 21, 1942, when appellee obtained a decree of divorce from appellant and was awarded the custody of the two minor children of the marriage. The divorce decree further provided that appellant pay to appellee $70 per month for the support and maintenance of the minor children until Eugene Rhoades, a boy, should reach the age of 16 years, and thereafter to pay the sum of $50 per month for the support of Evangeline Rhoades, a girl, until she reached the age of 16 years; which decree was in accordance with the terms of a contract entered into between the parties and filed in the divorce proceedings.

After the divorce decree appellant married another spouse, and appellee married Clifford Fredwell. On August 18, 1945, appellant filed in the original divorce proceedings what was titled "Plaintiff's Motion for Court to Order Change with Respect to Custody of Minor Children and Allowance for Their Support." The changed conditions and circumstances alleged as necessitating the relitigation of the custody of the children were that appellee and her mother lived in adjoining homes, were associated in allowing soldiers and other persons, particularly boys and men, to come to their homes for the purpose of drinking intoxicants and sleeping in beds and cots furnished them, and whose language and conduct rendered morally unfit the environments under which the minor children had to live; and that the inattention of appellee to the schooling of Eugene Rhoades, a boy aged 12, had resulted in practically no advancement in three years, he being in the third grade, and that with proper attention he should advance in his school work comparable to that of the average child of his age.

Appellant further alleged that either he and his present wife, or the grandparents of the children, or a sister of appellant were ready, willing and able to support and properly educate said minor children, and to afford them the moral environments under which they should be reared.

■ The general rule in Texas is that in all suits against the wife the husband is a necessary party to the suit. Art. 1985 of Vernon's Annotated Texas Civil Statutes provides that "the husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against [him]."

Speer's Marital Relations, 3d Ed., pp. 642-644, Sec. 253, reviews at length the decisions construing the foregoing statute, which hold the general rule to be that in all suits against the wife the law directs that the husband be sued with her, whether in an action where he is individually liable or not, to the end that she may have his aid and counsel, and that her rights will be protected by the person to whom the law entrusts those rights generally; and that the law presumes that the advice and assistance of the husband in the preparation and prosecution of her defense will be helpful to her. Exceptions to this general rule are where the husband's whereabouts is unknown, or he is not within the jurisdiction of the court, or where he is insane or in prison, or in the limited instances where the statutes or decisions authorize the wife to be sued upon her contracts. None of these exceptions exists here, and we think that the general rule stated is applicable. Taylor v. Murphy, 50 Tex. 291; Cullum v. Lowe, Tex.Civ.App., 9 S.W.2d 70; Tannehill v. Tannehill, Tex.Civ.App., 171 S.W. 1050; Powell v. Dyer, Tex.Civ.App., 227 S.W. 731; Taylor v. Hustead, Tex.Com. App., 257 S.W. 232; and Carroll v. Embry, Tex.Civ.App., 229 S.W. 575.

■ The decisions also hold that where the wife is alone sued she must plead her coverture, which appellee did in the instant case, and that it then becomes the duty of plaintiff to make the husband a party to the suit. Taylor v. Hustead, supra; Powell v. Dyer, supra; Lopez v. Mexico-Texas Petroline & Asphalt Co., Tex.Civ.App., 281 S.W. 326; Lee v. Hall Music Co., 119 Tex. 547, 35 S.W.2d 685. See also Art. 2084, R.S.1925, the provisions of which are indicative of the legislative policy to require that where the wife is

sued the husband should be sued with her. Reed v. Cavitt, 10 Tex.Civ.App. 373, 30 S.W. 575. The wife, sued alone in the instant case, plead her coverture, from which act it must be presumed that it was her desire that her husband should be made a party so that he might be allowed to give her the aid and counsel guaranteed by the law in such cases. It is true that no personal judgment could be rendered for or against the husband of appellee in respect to the custody of the minor children whom the court had theretofore awarded to her, which is the issue involved or subject matter of the instant suit. The wife alone could defend such suit; but that question is aside the point here presented. The question here presented is whether under her plea of coverture she is entitled to require that her present husband, the stepfather of the minor children, be made a party so that he may have the opportunity legally to aid, counsel and protect her in the defense of her right to the custody of the minor children whom the court had theretofore awarded to her when she was granted a divorce from appellant. We think that appellee was entitled to have her present husband made a party to the proceeding.

■ In the first place, the foregoing rule of law guarantees to the wife the right that in all suits against her the husband shall be also sued to the end that he may aid, protect, assist and give counsel to her in the defense of the suit, which in the instant case would be in defense of her right to the custody of her minor children of a former marriage. This right is not a personal one to the wife that may be waived by her, but is also a statutory right of the husband to be heard before a judgment may be rendered against the wife. City of Dallas v. Morris, 120 Tex. 181, 36 S.W.2d 702; Taylor v. Bonnett, 38 Tex. 521; Mecom v. Vinton, Tex.Civ.App., 191 S.W. 763.

In the second place, the future happiness of the wife and her present marital relationship may reasonably depend upon her present husband's aid in the support and care of her minor children of the former marriage, and of his assistance to her in the defense of this suit to deprive her of their custody. The interest of the stepfather in the minor children of his wife by a former marriage could be shown on the trial of the issue as to their custody by the mother. Manifestly his interest or attitude toward such children might be of possible or great aid to the trial judge in the determination of the custody issue. If he has assumed the relation of loco parentis of the minor children of his wife of the former marriage, then he would be interested in their custody remaining with his wife. Such relationship is stated in Speer on Marital Relations, 3d Ed., pp. 132, 133, Sec. 97, as follows: "A stepfather stands in loco parentis of his wife's children by a former husband, so long as they are actually supported and maintained by him, and he has the same right of reasonable chastisement to enforce his authority. It would follow by analogy that where the stepchild is taken into the home and the step-parent assumes the relation of parent toward it, he is, so long as the relation continues, under the moral and legal obligation to support the child as his own, and is in consequence entitled to the services and earnings of the child. The respective rights of step-parent and stepchild are, in short, analogous to those of parent and child, which relation the parties have by their conduct attempted to assume." See Gorman v. State, 42 Tex. 221.

■ In consequence of our foregoing conclusions and the facts of the instant case we think that the question of whether the present husband of appellee should have upon her plea of coverture been made a party defendant, was one largely resting within the sound discretion of the trial judge.

Appellant suggests, however, that since appellee stated in her plea of coverture that her husband is now in the armed forces of the United States and subject to all the rights and privileges under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix, § 501 et seq., he construed the statement to mean that she intended to try to postpone or delay this proceeding until such time as he may be released from such service, or as may be convenient for him to appear in the case, thus leaving the minor children in the custody of the mother for an indefinite time under the aggravated conditions and circumstances alleged by appellant.

■ We are of the view that the Soldiers' and Sailors' Civil Relief Act has no application to the instant case. No personal judgment could be rendered against the present husband of appellee with regard to the custody of the minor children involved. His primary purpose in the suit would be to aid, protect and counsel with his wife in her defense of her right to the custody of

the minor children whom the court had theretofore awarded to her. It was stipulated on the hearing of her plea in abatement suggesting her coverture, that her husband was temporarily in Williamson County at the time of the hearing, and was therefore available as a defendant. No evidence was offered showing that making the husband a party would unreasonably delay the proceeding. One mode of practice in such case is that where a suit has been filed against a married woman, upon suggestion of that fact being entered of record, the clerk shall issue a scire facias to the husband; and the case, after service and the return thereof, should thereupon proceed to judgment. Art. 2084, R.S.1925. Speer on Marital Relations, 3d Ed., p. 642. And since appellant in open court refused to make the husband a party to the proceeding, we hold that the trial judge did not abuse the discretion vested in him in the matter, and that he correctly dismissed the motion or petition for the change of the custody of the minor children.

Both parties cite the case of Anderson v. Anderson, Tex.Civ.App., 190 S.W.2d 141, 142, which holds that a divorced wife's second husband is not a necessary or indispensable party to a proceeding by the divorced husband to set aside an order requiring him to contribute monthly to the support of his minor children. The basis of such holding is that there was no "showing that the best interest of the minor children or any right of appellant (the divorced wife) has been or might have been in anywise prejudiced as a result" of not making her present husband and the stepfather of her children a party to the proceeding. Thus it clearly appears that the court held that the trial judge did not abuse his discretion in the matter, which is the rule we have applied in the instant case.

The instant case is also distinguishable from the Anderson case. It is a new and independent action relating to the present custody of the children upon grounds arising since they were finally awarded to the mother by the divorce decree. The Anderson case was merely a proceeding to set aside or modify the order entered in the divorce decree requiring the father of the children to contribute monthly to their support, which was not a final order, but one over which the court has continuing jurisdiction in the divorce proceeding. Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601; Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Patterson v. Wilson, Tex.Civ.App., 177 S.W.2d 1004 (error ref.); Tipton v. Lester, Tex.Civ.App., 178 S.W.2d 580; Rogers v. Mowry, Tex.Civ. App., 183 S.W.2d 737; McDonald v. Mercantile Nat. Bank of Dallas, 162 S.W.2d 991; Arts. 4639 and 4639a, Vernon's Anno. Tex. Civil Statutes.

Since the instant case is a new and independent action against the wife, we think the foregoing statutes and rule requiring the husband to be sued with the wife are applicable for the reasons herein stated. And as was held in Ex parte Roberts, supra, the jurisdiction of the court to alter a decree relating to the support and custody of a minor child of divorced parents may be invoked by proper pleadings filed in the suit wherein the divorce decree was rendered. See also Castleberry v. Castleberry, Tex.Civ.App., 120 S.W.2d 468, reversed on other grounds, 134 Tex. 409, 135 S.W.2d 701.

The judgment of the trial court is affirmed.

Affirmed.