## HILL v. MOORE.

### No. 10223.

Court of Civil Appeals of Texas.

Austin.

May 19, 1954.

Rehearing Denied June 2, 1954.

Hart, Brown & Sparks, Austin, for appellant.

Porter, Vann & Madalinski, San Antonio, for appellee.

HUGHES, Justice.

Mack. E. Moore, appellee, sued Mrs. Alice Hill, "a widow and unmarried person," to recover property damages sustained by his car as a result of a street corner collision between such car and one owned and operated by appellant, Mrs. Hill. A cross claim for damages sustained by her car was filed by appellant. A nonjury trial resulted in judgment for appellee in the sum of $1,200 plus interest and denying appellant any recovery on her cross action.

While appellant was testifying she stated that her name was Mrs. E. H. Gerdes and that she had married since the accident.

E. H. Gerdes was never made a party to this suit.

This matter was called to the court's attention in appellant's motion for a new trial.

It is the contention of appellant that her husband, E. H. Gerdes, was a necessary party to this suit and that it was error for the trial court to render judgment against her in his absence.

This point is sustained.

Rule 157, Texas Rules of Civil Procedure provides:

"A suit by or against a feme sole shall not abate by her marriage, but upon suggestion of such marriage being entered on the record, the husband may make himself a party plaintiff, or if she be a defendant, the clerk shall upon suggestion or upon a petition issue a scire facias to the husband; and the case, after the service and return thereof, shall thereupon proceed to judgment."

The source of this Rule is art. 2084, R.C.S. 1925, and does not differ materially therefrom, nor does the Rule differ materially from arts. 1252 and 1253, Revised Statutes of Texas, 1879, which are identical with arts. 1892–3, 1911, R.C.S.

■ The statutes referred to have been consistently construed as placing the burden upon a plaintiff to bring in the husband of a feme sole who has married after the institution of the suit and before judgment and that a knowing failure to do so prevents the rendition of an effective judgment. Powell v. Dyer, Tex.Civ.App., San Antonio, 1921, 227 S.W. 731, no writ, which cites several authorities. See also Dixie Motor Coach Corporation v. Shivers, Tex. Civ.App., Fort Worth, 131 S.W.2d 677, writ dism. cor. judgm., and Achterberg v. Burton Lingo Co., Tex.Civ.App., El Paso, 25 S.W.2d 1008, no writ.

The case of Keeton v. King, Tex.Civ. App., Amarillo, 248 S.W.2d 500, no writ, is distinguishable. The Court there in a Bill of Review proceeding, held a previous judgment which had been rendered against a married woman whose husband was not before the Court not to be void, it appearing that no suggestion of marriage was made before rendition of such judgment.

Appellant has three other points, two relating to the insufficiency or lack of evidence to show negligence on her part and the converse as to contributory negligence of appellee and the other point pertaining to the sufficiency of evidence to support the finding as to damages.

The evidence as to damages need not and should not be the same on retrial and the principal objections made by appellant as to damages should be and can be easily obviated.

■ As to the state of the evidence regarding the issues of negligence and contributory negligence we have carefully reviewed the evidence and are of the opinion that it will support a judgment for the party for whom the trier of the facts makes favorable fact findings.

Briefly, the evidence shows that the collision occurred on February 20, 1953 about 6 p. m. at the intersection of Church and Hackberry Streets in Lockhart. The day was clear and there was "lots of light."

Appellee's car, which at the time was being driven by Gerald Wallace, was going north on Church Street, a north-south street, and appellant's car was going east on Hackberry, an east-west street. As appellant approached the intersection her view was obscured, as she said "by high shrubbery about fifteen feet high, and at that particular time the shrubbery had grown out and extended out. You could not see around the corner." There were no traffic controls at this corner and neither driver stopped before entering the intersection.

Each testified to entering the intersection first. Wallace testified that he did not see appellant's car until it was just a few feet

from him and that he did not apply the brakes. Appellant testified she applied the brakes and turned left in an effort to avoid the collision.

The cars collided about the center of the intersection, the right front of appellant's car struck the left rear of appellee's car.

There were various estimates of the speed of each car. There was also considerable evidence as to skid marks and other details of the collision.

We believe that we have stated facts sufficient to support our conclusions on the evidentiary points raised by appellant.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.