## ABREGO v. ABREGO.

### No. 10286.

Court of Civil Appeals of Texas. San Antonio.

April 13, 1938.

1040

Raphael Cowen, of Brownsville, for appellant.

H. B. Galbraith, of Brownsville, for appellee.

SLATTON, Justice.

Francisco Abrego sued Genoveva E. de Abrego in the 103d district court of Cameron county for divorce and for custody of their minor child. A trial before the court, without a jury, resulted in a judgment dissolving the marriage relation between the parties. Custody of said minor child·was given to the father.

At' the request of appellant, the trial court made and filed findings of fact and conclusions of law. The trial court found: That appellant and appellee were married in the year 1935, and lived together as husband and wife until July, 1936. One child, Francisco Abrego, was born to the marriage. Said child was eleven months of age at the time of the trial. That the conduct of appellant toward appellee constitutes such cruelty as to render their further living together insupportable; that it is to the best interest of the minor child that its care and custody be awarded to appellee.

On such findings of fact the trial court concluded that the bonds of matrimony between appellee and appellant should be dissolved, and that the care and custody of the minor child, Francisco Abrego, be awarded to appellee.

Appellant brings the case here upon two assignments of error presented by two propositions of law.

The first proposition in effect challenges the sufficiency of the evidence to support the judgment dissolving the marriage relation. The evidence shows that appellant admitted to appellee the placing of green powder in the drinking water used by appellee; and that appellant threatened to kill appellee. The evidence further shows that appellee did not want the minor child belonging to the marriage.

It is our opinion that the evidence is amply sufficient to sustain the judgment dissolving the marriage. 15 Tex.Jur. § 89, p. 555, and authorities there cited.

The second proposition asserts error in the trial court's action in awarding the care and custody of the minor child to the appellee. It has often been said that the paramount issue before· the trial court in child custody cases is what is the best interest of the child. After observing the witnesses and hearing their testimony, the trial court found that the best interest of the minor would be better subserved by awarding its care and custody to appellee. The evidence supports that determination. Johnson et al. v. Campbell, Tex.Civ.App., 107 S.W.2d 1111.

Accordingly, the judgment is affirmed.