## EX PARTE J. C. ROBERTS.

No. 8003. Decided October 14, 1942.
(165 S. W., 2d Series, 83.)

*Shirley W. Peters,* of Dallas, for relator.

The court is without authority to enter an order to compel relator to contribute to the support of a minor child in an independent suit not involving a divorce or custody of a minor child. Smith v. Given, 97 S. W. (2d) 532; Cunningham v. Cunningham, 40 S. W. (2d) 46; Ex parte Taylor, 155 S. W. (2d) 358.

*Sidney Latham* and *Matt Dawson,* both of Longview and *Abner McCall*, of Waco, for respondent, Helen Pyland Roberts.

MR. JUSTICE SHARP delivered the opinion of the Court.

Relator seeks by habeas corpus proceeding to be relieved of an order of the trial court in Cause No. 15149-B, pending in the District Court of Gregg County, whereby relator was adjudged to be in contempt of the trial court for failure to comply with the judgment of such court commanding him to pay into the registry of the court the sum of $25.00 per month for the support and maintenance of his minor child.

The controlling facts are as follows: On August 23, 1940, J. C. Roberts filed suit No. 14426-C in the District Court of Gregg County for a divorce. His petition made no mention of any child or children, but the answer and cross action of the defendant, Mrs. Helen Pyland Roberts, alleged that a child had been conceived during the marriage, and that birth was expected in February, 1941. The judgment granting the divorce upon the cross action found that no children were born of the marriage, but that the defendant "is pregnant with a child conceived of said marriage." The judgment makes no provision for the support and maintenance of the expected child. On March 16, 1942, Mrs. Roberts filed a motion to amend the judgment in Cause No. 14426-C, pending in the District Court of Gregg County, and she alleged that the child had been born on February 11, 1941, and she sought judgment requiring her former husband to pay to her the sum of $30.00 per month for the support and maintenance of such child. However, it appears from the record filed here that the motion is still pending in the district court, undisposed of.

On June 14, 1941, nine months before Mrs. Roberts filed her motion to amend judgment in Cause No. 14426-C, she instituted a new and independent suit in the District Court of Gregg County, No. 15149-B, praying for judgment compelling her former husband, J. C. Roberts, to contribute the sum of $30.00 per month for the support and maintenance of her child, Jerry Leon Roberts. The question of the custody of the child was not presented in that suit. Judgment was rendered in that cause on August 13, 1941, requiring J. C. Roberts to pay into the registry of the court the sum of $25.00 per month for the support and maintenance of such child. On June 13, 1942, pursuant to a complaint filed by Mrs. Roberts in the last numbered

cause, the district court found relator guilty of contempt of court for disobeying its order of August 13, 1941, requiring him to pay into the registry of the court $25.00 per month, and fixed his punishment at a fine of $100.00 and three days in jail. Relator applied to this Court for a writ of habeas corpus on June 15, 1942, which was granted.

Relator contends that he is not guilty of contempt for the reason that the judgment of August 13, 1941, in Cause No. 15149-B, is null and void, because the trial court was without jurisdiction, in an independent suit not involving a divorce or the custody of a child, to compel him to contribute to the support of his child.

■ This cause involves the construction of Article 4639a, Vernon's Annotated Civil Statutes. That Article provides that a petition for a divorce shall set out the names of all children born of the marriage sought to be dissolved, and if there are no child or children the petition shall so state; that the court shall ascertain the financial circumstances of the parents and of their ability to contribute to the support of the child or children, and shall make such orders regarding the support of the child or children as is for their best interest, should the divorce be granted, and may require either parent to make periodical payments for the benefit of the child or children until they reach sixteen years of age. Such Article further provides that the "court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require," upon notice and hearing. The portion of the Article just quoted relates only to that part of the divorce judgment dealing with orders requiring either parent or both of them to make contributions for the support of their child or children under sixteen years of age, and does not relate to that part of the judgment granting custody of the child or children. Lakey v. McCarroll, 134 Texas 191, 134 S. W. (2d) 1016.

Mrs. Roberts did file a motion in Cause No. 14426-C to amend the divorce judgment so as to provide for the support and maintenance of her minor son, but this record fails to show that any disposition has been made of her motion filed in that suit.

■ Under Article 4639a the divorce decree relating to the support and maintenance of a child or children of the divorced

parents is not final, and the court continue to have power and authority to alter or change such judgment requiring either parent to periodically contribute to the support and maintenance of the child or children. This may be done by a proper pleading filed in the suit granting the divorce. The district court is without authority to compel the payment of allowances for the support and maintenance of the child or children of divorced parents in a new and independent suit not involving the custody of the child or children. Ex parte Taylor, 137 Texas 505, 155 S. W. (2d) 358, and authorities there cited.

■ It is undisputed that Mrs. Roberts did file a motion to amend judgment in Cause No. 14426-C, but it is also undisputed that she filed a new and independent suit in Cause No. 15149-B, in which the order complained of commanding relator to pay into the registry of the court the sum of $25.00 per month, as above stated, is involved. The statutes did authorize the amendment of judgment in Cause No. 14426-C, but did not authorize a new and independent suit, not involving the custody of the child, such as that filed in Cause No. 15149-B. The trial court was without jurisdiction to hear and determine a new and different suit, brought to amend or alter the judgment of divorce, in so far as it relates to the support and maintenance of the child, as was undertaken in Cause No. 15149-B. Therefore the relator must be discharged, and it is so ordered.

Opinion delivered October 12, 1942.