### TIPTON v. LESTER et al.
No. 11389.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 23, 1944.

James D. Kennedy and A. C. Lesher, both of San Antonio, for appellant.

E. B. Simmons, of San Antonio, for appellees.

NORVELL, Justice.

This is a child custody and support case. The appeal is on the transcript without a statement of facts. But one question is presented: Did the trial court in the proceeding possess the power to order appellant, Melvin Tipton, to contribute the sum of $60 per month toward the support, maintenance and education of his two minor children?

Appellant filed a "petition for writ of habeas corpus," alleging that he and Lois Tipton (now Lois Lester) had been divorced by decree of the District Court of Bexar County on April 6, 1943. That the custody of their two minor children had been awarded to said Lois Tipton. That since the entry of this decree Lois Tipton had married one Gene Lester, and the children were being neglected, and because of changed conditions he should be awarded custody of said children.

By cross-action, Lois Lester, joined by her husband, Gene Lester, alleged that the original divorce decree did not provide that Melvin Tipton pay any sums of money for the support of his children and prayed that the decree of divorce be modified so as to provide that Tipton pay $60 per month for child support.

Judgment was entered in accordance with appellees' prayer.

For reversal, appellant relies upon Williams v. Guynes, Tex.Civ.App., 97 S.W.2d 988. In that case a decree providing for the payment of certain support moneys was awarded wholly independent of any divorce proceedings and consequently held invalid. In this case appellees sought a modification of the divorce decree in accordance with the provisions of Article 4639a, Vernon's Ann.Civ.Stats. This case, in our opinion, is governed by Townsend v. Townsend, Tex.Civ.App., 115 S.W.2d 769. See also Lakey v. McCarroll, 134 Tex. 191, 134 S.W. 2d 1016, loc. cit. 1021; Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953.

The order appealed from is affirmed.