## TREVINO v. TREVINO.

### No. 2670.

Court of Civil Appeals of Texas. Waco.

Feb. 14, 1946.

G. Woodson Morris, of San Antonio, for appellant.

Henry B. Dielmann, of San Antonio, for appellee.

LESTER, Chief Justice.

In 1942, Catherine N. Trevino sued her husband, Arthur Urrea Trevino, for divorce and prayed that she be granted the care and custody of their minor child, a boy then about five years of age. On May 5, 1943, she secured a divorce and by agreement of the parties the care and custody of the child was awarded to the father until

the first day of June, 1943, and then to the mother until December 1, 1943, and thereafter the father and mother were to have the care and custody of said child for alternate periods for six months. Since July 1, 1943, the father has been in the United States Navy and from which time the child has been almost entirely with his mother and is now in school in Oklahoma, where she resides with her people. On May 3, 1945, the father filed in said cause his motion to modify the original decree so far as it pertained to the child, alleging that the child had reached school age and consequently it would be to the best interest and welfare of said child to remain in the care and custody of his mother during the full school period and in the custody of his father during the vacation period or the summer months; that since the rendition of said decree he had been inducted into the armed forces of the United States government and is therefore unable personally to have the care and custody of said child, but he is desirous that his mother, Mrs. Anita Trevino, acting in his place and stead, be given its care and custody during such vacation or summer months, alleging she was in sound financial condition and in all respects qualified to have the care and custody of said child during such period.

Mrs. Catherine N. Trevino, the mother of the child, answered by alleging that the father was in the armed forces of the United States and was not in the State of Texas; that he was unable to personally care for said minor and would have to rely on others to give him the care and attention which he requires and is entitled to; that said child is attending school and living with his mother and receiving all the care and attention he requires; that it would be to the best interest and welfare of said minor that he remain in the care and custody of his mother until such time as the father is discharged from the armed forces and returns to civilian life.

The court found that it would be to the best interest and welfare of said child for its mother to have the temporary exclusive custody of said minor until such time as its father returns to civilian life and again resides in the State of Texas, at which time the court shall determine the permanent custody of said minor.

There is not one word in the record that would cast any reflection upon either the mother or the grandmother.

The evidence shows that the mother of said child lives with her father and mother in Oklahoma and has been ever since the divorce was granted; she makes $135 a month and her mother stays at home and keeps the child during the day. The father says in his pleadings that it would be to the best interest and welfare of said child for it to remain with its mother during the entire school period, thereby admitting that she is a fit person and qualified in all respects to have the care and custody of said child. The father's motion and the testimony shows that he is absent from the state and in the armed forces of this country, and is thereby unable to personally be with said child if the decree had been modified as requested by him, but the child would be placed in the care of its paternal grandmother during the absence of its father. The grandmother is a good woman, able and willing to take care of the child during such absence, and no doubt possesses great love and affection for her grandson. Divorces, in many instances, cause innocent people to suffer and no doubt the heart of this grandmother yearns for the presence of her grandchild; but upon the parents rests the primary responsibility and duty of rearing their own children, and as long as they fulfill their obligation they should be privileged to have the care and custody of them. The father is situated so as not to be able to personally have the care of said child and show it any attention whatsoever. On the contrary, the mother is a suitable person and able to be with the child at least at night and give it the attention that it requires and the love that only mothers know how to bestow. We believe that it is a sound rule that has been laid down by many decisions of this state that young children need the care and attention of their mothers, and other things being equal, she should be given the preference in awarding the custody of such child, especially where the suit is between the grandparent and the mother of said child; that in all controversies involving the custody of minor children, the paramount question is the welfare and best interest of such children, and in determining such custody the trial court is vested with a sound discretion and his judgment will not be disturbed unless an abuse thereof clearly appears.

We feel, as did the trial court, that the best interest and welfare of said child would be best served for it to remain with its mother until the father returns to ci-

vilian life. Penn v. Abell, Tex.Civ.App., 173 S.W.2d 483; Jennings v. Berry, Tex. Civ.App., 153 S.W.2d 725; Martin v. Martin, Tex.Civ.App., 132 S.W.2d 426; Prendergast v. Prendergast, Tex.Civ.App., 122 S.W.2d 710; Abrego v. Abrego, Tex.Civ. App., 115 S.W.2d 1039; Kesler v. McGuire, Tex.Civ.App., 109 S.W.2d 1115.

After the mother had filed her motion in reply to the father's motion, he filed a supplemental answer setting up that he was in the armed forces of the United States government and that "under the Soldiers' and Sailors' Civil Relief Act of 1940, Secs. 100–700, both inclusive, 50 U.S. C.A.Appendix §§ 510–590, defendant says that plaintiff's plea to modify said decree so as to give her full custody of said child should be stayed because the absence of defendant by reason of said military service will materially affect his ability to conduct his defense thereto. Wherefore, he prays that plaintiff's said plea be denied, and for all other relief to which either in law or equity he may be entitled." He further pleaded: "And for further answer herein defendant denies each and every allegation in said plea and says that same are not true either in whole or in part and demands strict proof thereof. Wherefore, defendant prays judgment of the court as is set out in his motion to amend said decree herein." He first invoked the jurisdiction of the court by filing his motion for a modification of the decree before the mother filed her motion in said cause. The act above referred to gives the trial court some latitude and discretion in cases pending or instituted while a party is in the armed forces. Section 201 of the Act provides that "* * * in the discretion of the court in which it is pending", and also says: "* * * unless, in the opinion of the court, the ability of the plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." As said above, he first invoked the jurisdiction of the court, and after requesting the court to stay the mother's motion and in the same pleading, insisted upon the judgment being modified as prayed by him in his first motion. This being a case where the best interest and welfare of a child is at issue, and even if the father's motion had been granted he could not have enjoyed the association of his child or given it any personal attention whatsoever until he returns, and said order being temporary in nature and subject to being reopened upon his return, we do not think the court abused its discretion in proceeding to trial.

Finding no reversible error in the case, the judgment is therefore affirmed.

HALE, J., took no part in the consideration and disposition of this case.