### GILLUM v. GILLUM.

No. 9938.

Court of Civil Appeals of Texas. Austin.

Jan. 17, 1951.

Rehearing Denied Feb. 7, 1951.

Harry S. Pollard, of Austin, for appellant.

Albert G. Walker, of Austin, for appellee.

ARCHER, Chief Justice.

This appeal is from an order of the district court directing the appellant to contribute the sum of $25 per month for the support of William Clark Gillum, Jr., age about one year.

The appellant and appellee were divorced in September 1949, and provision was made in the judgment for the support of Billie Ruby Gillum, a child about eighteen months old.

William Clark Gillum, Jr., was born on February 4, 1950, some five months after the divorce between the parties.

On May 26, 1950, appellee filed a motion to amend the judgment made in the divorce suit to require the appellant to pay the appellee $50 each month thereafter for the support of William Clark Gillum, Jr.

The defendant in the proceeding, appellant herein, filed an answer denying any responsibility for the support of said child and questioned the custody of the child but offered no suggestion as to a better custody arrangement.

The trial was before the court, who heard the testimony of the several witnesses, most of which, unless it bore on the custody of the child, was not admissible, and an order was entered on July 27, 1950, amending the judgment of September 26, 1949, and directing the appellant to contribute the sum of $25 per month toward the support of William Clark Gillum, Jr., beginning on August 5, 1950.

We believe that the trial court had the right and duty to exercise its sound discretion in determining what was for the best interest of the child, and doubtless, in a subsequent proceeding, if instituted, will award the custody of the child finally as to the court appears to be for the best interest of the child. Trevino v. Trevino, Tex.Civ.App., 193 S.W.2d 254.

The testimony disclosed that appellant earns approximately $300 per month, and an order fixing the sum of $25 was a proper exercise of discretion. Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83; Mahaffey v. Mahaffey, Tex.Civ.App., 219 S.W.2d 519.

The judgment of the trial court is affirmed.