## SLATTERY v. HATMAKER.

### No. 12467.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 28, 1953.

Rehearing Denied Feb. 25, 1953.

Walter Groce, George Hubbard, J. A. Wood, Corpus Christi, L. Hamilton Lowe, Austin, for appellant.

James C. Martin, H. Alston Terry, Corpus Christi, for appellee.

NORVELL, Justice.

The substantial question presented by this appeal relates to the power of the district court to render a decree under Article 4639a, Vernon's Ann.Civ.Stats., providing for the support of a minor child born after the date of the rendition of the decree divorcing the parents.

It appears that appellant and appellee were married on October 11, 1949, and divorced a year later. They were married a second time on January 3, 1951, and approximately a month later W. O. Slattery filed suit for divorce, alleging that no children had been born of the marriage. Mrs. Slattery filed a cross-action and by decree rendered March 22, 1951, was granted a divorce from W. O. Slattery and her former name of Helen Hatmaker was restored to her. In this suit, neither the pleadings nor the judgment made mention of the pregnancy of Mrs. Slattery. On September 22, 1951, a daughter was born to the former Mrs. Slattery and she was given the name of Paula Kay Slattery. On November 9, 1951, Helen Hatmaker (Slattery) brought suit praying that W. O. Slattery be required to pay at least fifty dollars per week to her for support of the minor child. W. O. Slattery answered by a general denial. On February 21, 1952, judgment was rendered directing W. O. Slattery to pay seventy-five dollars per month for the support of the child through the district attorney's office of Nueces County, Texas. Helen Hatmaker (Slattery) was given custody of the child and awarded $500, apparently as and for attorney's fees.

Appellant contends that the trial court was without authority to order him to pay child support money, in that such order was in the nature of an attempt to amend the original decree of divorce which had theretofore become final. Appellee here apparently followed the indicated correct procedure outlined in Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83. The only difference between the situation disclosed in the report of that case and the one before us is that here the pregnancy of Mrs. Slattery was not disclosed in the original divorce proceedings. However, this Court has held that the fact that the original divorce decree failed to award support money did not deprive the court of authority to thereafter do so. Tipton v. Lester, Tex.Civ.App., 178 S.W.2d 580, following Townsend v. Townsend, Tex.Civ. App., 115 S.W.2d 769. We think the principle of the rule is applicable here. Appellant's first point is overruled.

We overrule the contention presented by appellant's second point to the effect that the judgment appealed from is invalid because the minor child is not a party to the suit.

Appellant's third point, complaining of counsel's asking of improper questions, fails to disclose a reversible error. The trial judge refused to declare a mistrial because of the asking of the question objected to and in so doing, he did not abuse his discretion.

Appellant's brief discloses no reversible error and the judgment appealed from is affirmed.