## McAFEE v. McAFEE.
### No. 14525.

Court of Civil Appeals of Texas. Dallas.
May 8, 1953.

Rehearing Denied May 29, 1953.

825

---

J. Manuel Hoppenstein, Dallas, for appellant.

Burt Barr, Dallas, for appellee.

YOUNG, Justice.

On June 27, 1952 we dismissed for want of jurisdiction the above appeal from an order reducing amount of child support, on basis of a motion filed in the original case; said motion having been filed some two years after the judgment of divorce. See McAfee v. McAfee, Tex.Civ.App., 250 S.W. 2d 310. On February 4, 1953, 255 S.W.2d 185, our Supreme Court reversed the order of dismissal, denominating the motion as a new cause of action and a proper subject of appeal; remanding same to this Court for further proceeding.

■ It is well settled that actions to relitigate *custody* of a minor child under Art. 4639a, Vernon's Ann.Civ.St., on basis of changed conditions is classed as an independent proceeding and appealable. Korn v. Stein, Tex.Civ.App., 225 S.W.2d 244; Yeagle v. Bull, Tex.Civ.App., 235 S.W.2d 226; and it is *custody* that is involved in the Supreme Court's citation of cases herein, McLemore v. McLemore, Tex.Civ.App., 285 S.W. 693; Burckhalter v. Conyer, Tex. Com.App., 285 S.W. 606.

But we were under the impression that a later motion in the divorce court seeking to change amount of *child support* was not an appealable order; in other words, interlocutory and in no wise constituting a new cause of action.

Under Art. 4639a, the divorce decree relating to the support of a child or children of the separated parents is *not final;* Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83, 85; the divorce court continuing "to have power and authority to alter or change such judgment requiring either parent to periodically contribute to the support and maintenance of the child or children." And if such later proceeding relative to child support be considered a *new* cause of action, under the principle applied in Ex parte Roberts, supra, the trial court would not be authorized to entertain it. "The district court is without authority to compel the payment of allowances for the support and maintenance of the child or children of divorced parents in a new and independent suit not involving the custody of the child or children." Ex parte Roberts, supra. See also Rhoades v. Fredwell, Tex.Civ. App., 192 S.W.2d 295; 29 T.L.R. 309; 13 A.L.R.2d 1158 note.

■ However, our Supreme Court here rules otherwise; namely, that the instant pleadings and evidence present "a new cause of action and either party to this litigation had the absolute right to have the case reviewed by the Court of Civil Appeals just as in any other civil case." [255 S.W. 2d 186.]

■ Consistent with the ruling last quoted and with due deference thereto, we will delete from our opinion heretofore filed any reference to the motion and judgment under review as interlocutory in character; and reaffirm that part of the opinion disposing of this appeal on the merits, viz.: "Even if jurisdiction of this order be assumed, we would be required to sustain it. Amount of support in these cases is always dependent, not only upon needs of the child, but upon ability of the parents to contribute; and here the father has testified to a substantial reduction in income. He has remarried, which is of course his right.

And we are not unmindful, in these inflationary times, of the mounting expense incident to proper rearing of an eleven-year-old girl. But amount of support under the statute turns upon the varying financial circumstances of the responsible parent; and considering the wide latitude of discretion vested in the divorce court, as regards the enforcement of Art. 4639a, we would be duty bound to affirm the instant order of reduction. 'In determining the duty of the husband to supply necessaries to his children, before or after divorce, it is to be borne in mind that his duty corresponds to his financial ability, having due regard to all his lawful obligations, which may include those assumed to another wife and to other children, and in no event is he liable for food, clothing, attention, or education other than such as is suitable to his and their circumstances in life.' Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 100, 15 A.L.R. 564." [250 S.W.2d 311.]

The cause is accordingly affirmed.