## CAVENDER et al. v. ASBECK.

### No. 3087.

Court of Civil Appeals of Texas. Waco.

June 11, 1953.

Baker, Vaughan & Black, Port Arthur, for appellants.

S. G. Sample, Edna, for appellee.

HALE, Justice.

This case involves the custody of two girls, one being ten and the other six years of age. On August 10, 1951 the District Court of Jackson County granted appellant, Mrs. Peggy Asbeck, a divorce from appellee. By agreement of the parties to that proceeding the court awarded the custody of the children to appellee from the date of the decree until September 3, 1951, with the further provision that custody should thereafter alternate from year to year between their mother and father. On September 5, 1951, Mrs. Asbeck married her present husband, D. C. Cavender. On July 24, 1952, Mrs. Cavender and husband instituted this proceeding by filing in the original divorce suit their petition for a modification of the prior decree, praying that the exclusive custody of the children be awarded to Mrs. Cavender. Appellee resisted the petition of appellants and by cross-action sought exclusive custody of the children for himself. The issues thus joined were tried before the court without a jury on September 3, 1952 and resulted in judgment changing the former decree so as to award the custody of both children to appellee, with the proviso that they should spend one week during each Christmas vacation period and from June 5th to August 5th of each year with their mother.

Appellants predicate their appeal upon two points, viz.: (1) "The trial court erred and abused his discretion by awarding the future custody of the minor girls, Sandra Asbeck and Phyllis Asbeck, to their father for substantially nine (9) months of each year with the right of the mother to have their custody at Christmas time and during the summer vacation months"; and (2) "The trial court erred in failing to award custody of the children to their mother with the right of the father to visit them at reasonable times."

In the consideration of any child custody case, the matter of paramount importance is the highest welfare and best interest of the child. Furthermore, in the determination of what is best for the child, the trial judge is vested with broad discretionary powers and his decision in such matters should not be disturbed on appeal unless a clear abuse of discretion on his part is shown. Appellants apparently recognize these fundamental principles of law which are enunciated in the following cases cited in their brief: Bohls v. Bohls, Tex. Civ.App., 188 S.W.2d 1003, pts. 2–3 and authorities; Trevino v. Trevino, Tex.Civ. App., 193 S.W.2d 254, pt. 4. Many other cases could readily be cited to the same effect, such as the following in the brief of appellee: Norris v. Norris, Tex.Civ.App., 46 S.W. 405; Smith v. Smith, Tex.Civ. App., 200 S.W. 1129; Miller v. Miller, Tex. Civ.App., 67 S.W.2d 390; Tunnell et ux., v. Reeves et ux., Tex.Com.App., 35 S.W.2d 707.

No contention is made in the present proceeding that the best interest of the children here involved would be served by continually alternating their custody from year to year between their mother and father. Manifestly, no such arrangement would be wise. Swift v. Swift, Tex.Civ. App., 37 S.W.2d 241; Byrd v. Byrd, Tex. Civ.App., 195 S.W.2d 822. Hence, in modifying his prior decree the court was required to choose between the mother and father. After hearing all the evidence, the court decided that the highest welfare and best interest of the children would be served by awarding their custody during the regular school term of each succeeding year to appellee, rather than to appellants. We have reviewed the extensive findings of the trial court and the voluminous evidence upon which the findings were based. From such review we cannot say the findings are without proper support in the evidence or that any abuse of discretion on the part of the trial judge is shown by the record as a whole in the decision and judgment of which complaint is here made.

Therefore, appellants' points of error are overruled and the judgment appealed from is affirmed.

TIREY, J., took no part in the consideration or disposition of this case.