Mrs. Dewene ARMSTRONG, Appellant,

v.

J. O. ARMSTRONG, Appellee.

No. 15207.

Court of Civil Appeals of Texas.

Dallas.

Nov. 2, 1956.

Bond & Bond, Joel R. Bond, Dallas, for appellant.

Sanders & Stanford, Canton, for appellee.

YOUNG, Justice.

Appellee and appellant, living in Van Zandt County, were husband and wife until the 1952 judgment of divorce by the District Court of that county. She was awarded custody of the children, later establishing residence in Dallas County. No provision was made in the divorce judgment for support of minor children, and this suit, brought in the Dallas County Juvenile Court, was for judgment fixing a reasonable amount for their present and future support, maintenance, and education; also for injunction restraining Armstrong from coming into or about her Dallas home, annoying and harassing plaintiff, disturbing the peace of both herself and children, which, she says, defendant threatens to take away.

At inception of the proceeding a writ of temporary injunction (so designated) was ordered and issued without bond. To the foregoing, defendant filed plea of privilege to be sued in Van Zandt County, the place of his residence; and subject thereto, a motion to dissolve the temporary injunction. On a later hearing (April 25, 1956), said plea of privilege was sustained, the injunction dissolved, with order trans-

ferring the cause to Van Zandt County, from which adverse ruling Mrs. Armstrong has duly perfected an appeal.

Appellant in controverting affidavit interposed exception 9 (trespass) of Article 1995, Vernon's Ann.Civ.St., and here contends that her petition reflects two independent causes of action, one for injunction against the trespass of defendant upon her property in Dallas County, the other for debt (sums due and to become due for support of the minor children); that the cause of action for injunction—an active trespass—was properly asserted in Dallas County, thereby permitting plaintiff (absent a plea of misjoinder) to join and maintain the further action for support to avoid a multiplicity of suits. On the trial, defendant announced ready on the plea of privilege only, objecting "to the case being heard on its merits"; the judgment rendered reciting "And the court having considered the plea of privilege, and, after due notice, the controverting plea, and the temporary injunction granted herein on March 13, 1956, together with all the evidence offered and the argument of counsel, is of the opinion that the temporary injunction heretofore granted herein, on the 13th day of March, 1956, should be dissolved, and that the plea of privilege should be sustained." In this connection the 1952 judgment of divorce in Van Zandt County reflects a property settlement between the parties impliedly inclusive of child support, which would account for the failure of Judge Dawson to make monthly allowance in that respect during minority of children as expressly required by Art. 4639a, V.A. C.S.; also that relative to the petitioner's right to temporary injunction, the evidence was conflicting, and under defendant's

version of his several trips to plaintiff's Dallas home to visit his children, no trespass had been committed.

■ We do not further summarize appellant's six points of error because in our opinion the applicable statutes are clearly in support of the trial court's ruling—transfer of the cause to Van Zandt County and dissolution of temporary injunction. In the first place, Art. 4639a[1] has been uniformly construed as conferring upon the divorce court exclusive jurisdiction with respect to maintenance and support of the involved child or children until eighteen years of age; its authority continuing and judgments merely interlocutory during such period. This is the rationale of all decisions beginning with Townsend v. Townsend, Tex.Civ.App., 115 S.W.2d 769. " * * * A divorce decree relating to the support and maintenance of a child of divorced parents is not final, and the court continues to have exclusive power and authority to alter or change the judgment. This may be done by a proper pleading filed in the suit granting the divorce. Another court is without authority to entertain a separate action to recover the amount alleged to be due under the order, nor may the court hear and determine a new and different suit, brought to amend the provisions of a judgment of divorce relating to the support of a child * * *." 15–B Tex.Jur., sec. 264, pp. 121, 122. And in Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83, it is expressly held that a District Court is without authority to compel the payment of allowances for support of the minor child or children in a new and independent suit not involving their custody. See also Ex parte Goldsmith, Tex., 290 S.W.2d 502.

1. This statute provides in part: " * * Upon the trial of any such cause, and in the event a divorce is granted by the court, if there are such minor children, it shall be the duty of such trial court to inquire into the surroundings and circumstances of each such child or children, and such court shall have full power and authority to inquire into and ascertain the financial circumstances of the parents of such child or children, and of their ability to contribute to the support of same, and such Court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same * * *."

■ Appellant insists that she has presented two separate and independent causes of action in her petition, one for injunction only, praying for relief against an active trespass committed in Dallas County and there maintainable; arguing that at most a severance only of the causes should have been ordered; in other words, that the trial court should have retained in Dallas County her suit for injunction. Our view of petitioner's pleading is to the contrary. She first alleges the 1952 divorce, with custody of children in her, defendant not having since contributed to their support except for the first five months at $35 per week; that their necessary wants far exceed that sum which she has been required to pay, with defendant liable therefor in amount of $2,500; praying for allowance of adequate sums for present and future support; alleging in paragraph 5 the urgent necessity for injunction against defendant's harassment and molestation of the privacy of herself and children. We regard this phase of plaintiff's action as but ancillary to the suit for debt and child support.

But even assuming the position taken by plaintiff, that she has an independent suit for injunctive relief only, on ground of trespass committed in Dallas County, Art. 4656, V.A.C.S. (jurisdiction for trial), determines the venue of such a suit, which appellee invokes by sworn pleading; and plaintiff has initially pled that defendant was a resident of Van Zandt County. The cited Article provides: "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile." It was with reference to this statute that we held in Guillot v. Godchaux, Tex.Civ.App., 73 S.W.2d 924, 925, that "The governing rule is stated in 24 Tex. Jur. § 118, p. 116, as follows: 'In suits purely for injunctive relief the injunction statutes determine the venue; * * *.'" Under this authority, had the suit been purely for injunctive relief, Armstrong's venue plea should also have been sustained; and certainly the trial court was correct in sustaining defendant's plea of privilege, the main suit being for child support.

■ Furthermore, the temporary injunction was without notice or bond and may be considered void on either ground. Rules 681, 683, Texas Rules of Civil Procedure; Holman v. Holman, Tex.Civ. App., 189 S.W.2d 76; Ex parte Coward, 110 Tex. 587, 222 S.W. 531; Lancaster v. Lancaster, Tex., 291 S.W.2d 303; Rule 693–a relative to the court's discretion in dispensing with necessity of bond in a suit for divorce having no application. More immediately, the temporary injunction was dissolved upon hearing, with testimony pro and con. Where the evidence is in conflict, an abuse of discretion on part of the trial court is not shown either in grant or refusal of temporary restraint. 24 Tex. Jur., sec. 253, p. 314. Judgment of the trial court is in all respects affirmed.