Edna Sieber GARBARK et vir, Appellants,

v.

Charles E. SIEBER, Appellee.

No. 7034.

Court of Civil Appeals of Texas.

Amarillo.

March 20, 1961.

Rehearing Denied April 17, 1961.

Ochsner & Robinson, Amarillo, for appellants.

Albert Smith, Lubbock, for appellee.

DENTON, Chief Justice.

On November 21, 1957 Charles E. Sieber, appellee, was granted a divorce from Edna Sieber Garbark by the judge of the Court of Domestic Relations of Potter County, Texas. Mrs. Garbark was awarded custody of the minor child, and appellee was ordered to pay $150 per month as his contribution to the support and maintenance of the child. At the time the divorce was granted both parties resided in Potter County, Texas, but when the petition in the instant case was filed appellant resided in Atlanta, Georgia and appellee resided in Biloxi, Mississippi. On April 11, 1960 appellee filed in the same court a petition in the divorce case requesting a reduction in the amount of child support. The petition alleged the residence of the parties as set out above and prayed that appellant be cited to appear and answer. The citation was issued and appellant and her present husband were duly served in Atlanta, Georgia on April 14, 1960.

On May 18, 1960 appellant, acting through her attorney of record, filed a plea to the jurisdiction. This plea took the position the trial court had no jurisdiction to hear the case because both parties were non-residents of Texas and therefore beyond the jurisdiction of a Texas court. Appellant's plea to the jurisdiction was overruled on May 23, 1960, whereupon appellant excepted to the court's ruling and gave notice of appeal. On June 2, 1960 appellant filed an amended answer generally denying appellee's allegations, and prayed that appellee's petition be denied and asked for recovery of her attorney's fees against appellee. Upon a hearing attended by all parties hereto, along with their attorneys of record, the court entered an order reducing the child support payments required of appellee from $150 to $90 per month.

Appellant's sole point of error complains of the trial court's action in overruling the plea to the jurisdiction. Appellant argues that appellee's petition alleged a new and independent cause of action, and with neither party being residents of Texas the court did not have jurisdiction of the parties.

Although appellant is generally correct in the contention that the petition stated a new and independent cause of action, this does not preclude the parties from further litigating the issue of child support. Under Article 4639a, Vernon's Ann.Civ.St., a divorce decree relating to the support and maintenance of children of divorced parents is not final, and the court continues to have power and authority to alter such judgment requiring either parent to periodically contribute to the support of the children. This may be done by the filing of proper pleadings in the suit granting the divorce. Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83; Armstrong v. Armstrong, Tex.Civ.App., 295 S.W.2d 542 (no writ history).

Having determined the trial court had the power to enter the judgment complained of, we must next decide if the court had jurisdiction of these non-resident parties. In our opinion this question has been decided by our Supreme Court in Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119. That was a suit in which the former wife filed in the divorce case a petition for a lump sum judgment of child support payments owed by the former husband but unpaid. The petition was filed in the same Dallas, Texas District Court which had granted the divorce and ordered the child support and maintenance. Both parties were residents of Florida at the time the subsequent petition was filed and heard. After the husband was served with citation in Florida, a lawyer who described himself as "amicus curiae" filed a plea to the jurisdiction in which one of the grounds was that the husband was a resident of Florida and beyond the jurisdiction of the Texas

court. The Supreme Court overruled this contention on the ground that special appearance is unknown to the Texas practice and that the filing of any defensive pleading, though it be only for the purpose of challenging the jurisdiction of the court, constitutes an appearance and a submission to the jurisdiction of the court for all purposes. In the case before us appellant, through her attorney of record, filed her plea to the jurisdiction. After this plea was overruled she filed an answer and personally appeared and testified at the hearing on appellee's petition. We therefore conclude appellant submitted herself to the jurisdiction of the court for the exercise of such powers as the court had jurisdiction to exercise. Burger v. Burger, supra, and Pacific American Gasoline Co. of Texas v. Miller, Tex.Civ.App., 61 S.W.2d 1024.

Having determined that the trial court has jurisdiction over the subject matter of the cause of action under Art. 4639a, V.A.C.S., we further hold under the above authority the court acquired jurisdiction of the person of appellant.

The judgment of the trial court is therefore affirmed.