Joseph L. PELEJ, Appellant,

v.

Kathryn Anne WINANS, Appellee.

No. 16858.

Court of Civil Appeals of Texas.

Dallas.

Feb. 24, 1967.

Rehearing Denied March 31, 1967.

James L. Mitchell, of Braecklein, Mitchell, Thorpe & Lewis, Dallas, for appellant.

Donald J. Hahn, Jr., of McCulloch, Ray, Trotti & Hemphill, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is an appeal from a judgment of the Juvenile Court of Dallas County awarding increased child support payments.

The facts are undisputed. Joseph L. Pelej and Kathryn Anne Winans, formerly husband and wife, were divorced in June 1961 by judgment of the Superior Court of Union County, New Jersey. The judgment of the New Jersey court awarded custody of the two minor children of the parties to Kathryn Anne and ordered Joseph to pay $166.66 per month as child support, in addition to which he was to furnish certain medical and insurance benefits to the children. The only domicile maintained by the parties during their marriage was in the State of New Jersey. In October 1964 Kathryn Anne obtained an order from the Superior Court of Union County, New Jersey authorizing her to take the children of the parties to the State of California where she established residence. She remarried in California and was living in that state at the time she brought this action. The father of the children did not remarry but continued to live with his parents in Union County, New Jersey and claimed to be a resident of New Jersey at the time of the institution of this action. However, Joseph L. Pelej was employed by Socony-Mobil Oil Company and he had been sent by such company to the State of Texas and had lived in the State of Texas for about thirteen months and in the County of Dallas for about eight months prior to the time he was personally served with citation in this cause.

This suit was brought in the Juvenile Court of Dallas County by Kathryn Anne Winans seeking primarily an increase in child support payments based upon allegations of changes in conditions which had resulted in increased cost of maintenance.

Joseph L. Pelej answered with a plea in abatement in which he challenged the jurisdiction of the Juvenile Court to hear the cause. Subject to the plea in abatement defendant filed his original answer in which he denied that reasons existed justifying increased child support payments.

The court overruled the plea in abatement and proceeded to hear the case without the intervention of a jury. In his judgment the court found that there had been a material change of condition since the rendition of the existing order for the support of the children in question and that the children are in need of increased support which defendant was able to pay. The court decreed that defendant father should pay the sum of $200 per month as child support.

From this judgment appellant appeals on the sole point that the Juvenile Court of Dallas County, Texas was without jurisdiction of the subject matter of this suit. Appellant does not raise any question concerning service of process upon him in Texas nor does he question the amount of child support payments awarded appellee. He contends that since neither he nor appellee, nor the children involved, live in Texas the Juvenile Court of Dallas County had no right or authority in law to take any action involving the question of increased child support payments.

■ As we stated in Rader v. Rader, Tex.Civ.App., 378 S.W.2d 371, the Juvenile Court of Dallas County is not a constitutional district court as provided in Art. 5, Sec. 8 of the Constitution of Texas, Vernon's Ann.St. and having general jurisdiction therein provided. It is a special court created by the 55th Legislature, Acts of 1957, Chapter 511, p. 1490, and being Art. 2338–9, Vernon's Ann.Civ.St. It is a court of limited jurisdiction, being confined to the powers delegated to it by Section 3 of Art. 2338–9, V.A.C.S. The section entitled "Jurisdiction of Juvenile Court" reads as follows:

"The Juvenile Court shall have jurisdiction concurrent with the District Courts in Dallas County of all cases involving adoptions, removal of disability of minority and coverture, wife and child desertion, delinquent, neglected or dependent child proceedings, Reciprocal Support Act and all jurisdiction, powers and authority now or hereafter placed in the District or County Courts under the juvenile and child welfare laws of this State; and of all divorce and marriage annulment cases, including the adjustment of property rights and custody and support of minor children involved therein, alimony pending final hearing, and any and every other matter incident to divorce or annulment proceedings *as well as independent actions involving child custody or support of minors, change of name of persons; and all other cases involving justiciable controversies and differences between spouses, or between parents, or between them, or one of them, and their minor children, which are now, or may hereafter be within the jurisdiction of the District or County Courts;* and all cases in which children are alleged or charged to be dependent and neglected children or delinquent children as provided by law. All cases enumerated or included above may be instituted in or transferred to the Juvenile Court." (Emphasis supplied.)

In 1942 our Supreme Court in Ex Parte Roberts, 139 Tex. 644, 165 S.W.2d 83 held that there is no statutory authority for a district court to compel the payment of support and maintenance of children of divorced parents in a new and independent suit not involving the custody of the child or children.

In 1947 the court in Lane v. Mangum, Tex.Civ.App., 203 S.W.2d 945, was confronted with a similar situation where the divorce decree had been obtained by the husband in a foreign jurisdiction but made no provision for support of minor children of the parties and it was there held that an order could not be thereafter entered by a court in this state upon a suit by the divorced wife to require the former husband to make fixed periodic contributions of support to the children. The court, recognizing the need for legislative action on this question said:

"Only the legislature can provide legislation which would empower the courts in an independent civil suit for the custody of the children to order the father to make fixed periodical contributions for their support, and this has not been done. If it can be said that the facts of this case expose a loophole in Article 4639a, the remedy lies with the legislature."

In 1957 the Legislature enacted Art. 2338–9, V.A.C.S., above quoted, and the plain language that Act reveals that the Juvenile Court of Dallas County shall have jurisdiction of independent actions involving support of minors as well as all other cases of the indicated type which are or may be placed with the jurisdiction of the district and county courts. It would seem, therefore, that the Legislature has eliminated any question that may have heretofore existed concerning the right to institute an independent action in the Juvenile Court of Dallas County, Texas for child support alone.

■ Inasmuch as this action involves only child support, and is not one involving

custody, it is an in personam action to determine the appellant's duty to support his children. Risch v. Risch, Tex.Civ.App., 395 S.W.2d 709. Being an in personam action the only question involves personal jurisdiction over the appellant. He raises no question here with reference to the validity of personal service on him in Dallas County. He cannot question the right of appellee to seek recourse in the Texas courts to enforce the rights of her children. Since custody is not involved it is not an in rem action nor is it required that the children be residents of Texas.* So the issue is simplified. The wife is properly in Texas. The husband is properly served in Texas. The statute authorizes the Texas courts to entertain an independent action for child support. Accordingly, we hold that the Texas court had jurisdiction.

▆ Appellant argues that the effect of the Texas judgment is to confront him with obedience of two separate support judgments, one in New Jersey for $166.66 and another in Texas for $200. While appellant's fears and apprehension are anticipatory we do not believe there is any basis for his exposure to double payments. The Texas decree was carefully worded so as not to interfere with any of the other remaining portions of the New Jersey decree. It merely awarded the sum of $200 as child support in a new and independent action brought in a court having jurisdiction over the parties and subject matter. We must assume that the New Jersey court would give full faith and credit to the Texas decree insofar as it relates to the matters within the Texas court's jurisdiction.

Finding no merit in appellant's contentions presented we overrule same and affirm the judgment of the trial court.

Affirmed.

* Art. 4639c, V.A.C.S. relates only to cases where the decree of a sister state is silent as to *custody and support* and provides that in such cases suit may be brought for *custody and support* in the county where the children actually reside.