Joseph L. **PELEJ**, Petitioner,

v.

Kathryn Anne **WINANS**, Respondent.

No. B–255.

Supreme Court of Texas.

Dec. 6, 1967.

Rehearing Denied Jan. 17, 1968.

James L. Mitchell, Dallas, for petitioner.

McCulloch, Ray, Trotti & Hemphill, Donald J. Hahn, Jr., Dallas, for respondent.

SMITH, Justice.

Petitioner's application for writ of error was granted to review the ruling of the Court of Civil Appeals, 413 S.W.2d 772, on a point of error challenging the jurisdiction of the Juvenile Court of Dallas County, Texas, to modify a child support order or to enter an order increasing child support payments theretofore entered by judgment of a court of the State of New Jersey. The judgment of the trial court and the judgment of the Court of Civil Appeals are both reversed and the cause is dismissed.

Respondent brought this suit as an independent action for increased child sup-

port alleging that there had been a change of conditions since the divorce was granted. Petitioner filed a motion to dismiss the suit for lack of jurisdiction. The trial court overruled the motion and proceeded to judgment, ordering Petitioner to pay to the Respondent "through the Child Support Division of the Dallas County Juvenile Department, the sum of Two Hundred ($200.00) per month for the support and maintenance" of the two children of the marriage of Petitioner and Respondent. The action of the trial court overruling the motion was assigned as error in the Court of Civil Appeals. The Court of Civil Appeals overruled the point. In this, we think the Court of Civil Appeals erred.

It is undisputed that Respondent filed a suit for divorce against Petitioner in the Superior Court, Chancery Division, Union County, New Jersey; on June 13, 1961, the Respondent was granted a divorce from the Petitioner and the custody of their two minor children was awarded to Respondent; the Petitioner was ordered to contribute the sum of $166.66 per month for the support and maintenance of said children; the Petitioner and Respondent were resident citizens of the State of New Jersey at the time the judgment ordering child support payments was entered; Respondent, prior to the filing of this suit on Feb-

ruary 22, 1966, remarried and her name is now Kathryn Anne Winans; at the time this suit was filed, Respondent and the children resided in the State of California; they have never resided in Texas; Petitioner, although a citizen of New Jersey, was temporarily residing in the State of Texas at the time of the filing of this suit; and, Petitioner has at all times complied with the judgment of the Court of New Jersey.

The Respondent argues and the Court of Civil Appeals has held that the Juvenile Court of Dallas County is a special court created by the Legislature, and that the powers delegated to it are to be found in Section 3[1] of Article 2338-9, Vernon's Annotated Civil Statutes; that since this action involves only child support, and is not one involving the question of the custody of children, it is an in personam action to determine the Petitioner's duty to support his children. Respondent contends that the Legislature has afforded alternative courses to pursue in matters of child support where proceedings are enacted, such as we have here, to modify a foreign judgment ordering child support, the contention being that Article 2338-9, supra, was enacted so that litigants seeking child support payments after the effective date of the Act would not be forestalled by the holding of this Court in Ex Parte Roberts, 139 Tex. 644, 165 S.W.2d 83 (1942). In

---

1. "Sec. 3. The Juvenile Court for Dallas County shall have the jurisdiction concurrent with the District Courts in Dallas County of all cases involving adoptions, removal of disability of minority and coverture, wife and child desertion, delinquent, neglected or dependent child proceedings, Reciprocal Support Act and all jurisdiction, powers and authority now or hereafter placed in the district or County Courts under the juvenile and child welfare laws of this State; and of all divorce and marriage annulment cases, including the adjustment of property rights and custody and support of minor children involved therein, alimony pending final hearing, and any and every other matter incident to divorce or annulment proceedings *as well as independent actions* involving child custody or *support of minors*, change of name of persons; and all other cases involving justiciable controversies and differences between spouses, or between parents, or between them, or one of them, and their minor children, or between any of these and third persons, corporations, trustees or other legal entities, which are now, or may thereafter be, within the jurisdiction of the District or County Courts; all cases in which children are alleged or charged to be dependent and neglected children or delinquent children as provided by law, of all suits for trial of title to land and for the enforcement of liens thereon, of all suits for trial of the right of property, and said Court and the Judges thereof shall have power to issue writs of habeas corpus, mandamus, injunction, and all writs necessary to enforce their jurisdiction." (Emphasis added.)

that case, we held that under the law as it existed at that time a district court is "without authority to compel the payment of allowances for the support and maintenance of the child or children of divorced parents in a new and independent suit" not involving the divorce or custody of the child or children. See Article 4639b and Article 4639c, Vernon's Annotated Civil Statutes.

 Respondent suggests that the Legislature has provided an alternative method of procedure in cases of this character by the enactment of Article 2328b-4, designated at the "Uniform Reciprocal Enforcement of Support Act." We are concerned only with the narrow question of whether or not the provisions of Article 2338-9, supra, vested the Juvenile Court of Dallas County, Texas, with power and jurisdiction to entertain this independent action for support of the children of the marriage of Petitioner and Respondent. We hold that it does not. Our construction of Article 2338-9, supra, leads us to conclude that when the statute was enacted it was the intention of the Legislature to provide a court for the disposition of juvenile and domestic relations matters. It was the intention of the Legislature to vest in the Juvenile Court of Dallas County jurisdiction over the type of cases indicated in the Act. We cannot subscribe to the theory advanced by the Respondent that in passing this legislation the Legislature intended to create a new cause of action and to vest in the Juvenile Court of Dallas County exclusive jurisdiction over the cause of action created by the Act. The position taken by Respondent when followed to its logical conclusion would lead to the incongruous situation where only those courts created by the Legislature by an Act[2] providing for independent actions for child support would have jurisdiction over such subject matter. The Legislature did not set up alternative

methods of procedure as claimed by the Respondent. It is our view that Respondent's right to invoke the jurisdiction of a Texas court, if she has such right, is to be found in Article 2328b-4, supra, and not under the provisions of Article 2338-9, supra. To hold that Respondent may proceed under either statute would attribute to the Legislature an intention to establish the anomalous procedure of limiting on the one hand the institution of suits of this character to those courts created by Special Acts of the Legislature similar to the Act creating the Juvenile Court of Dallas County, Texas, and on the other hand, authorizing the same cause of action, if brought under the Uniform Reciprocal Enforcement of Support Act, to be filed in any district court in Texas.

The judgments of the trial court and the Court of Civil Appeals are reversed and the cause is dismissed.

---

2. The Respondent argues that all courts created under Articles 2338-3, 2338-5, 2338-6, 2338-7, 2338-9a, 2338-10, 2338- 11, 2338-12, 2338-13, 2338-14, 2338-15, 2338-16, 2338-17, would have jurisdiction of the subject matter of this suit.