

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

May 13, 1974

The Honorable Franklin L. Smith
County Attorney
Nueces County Courthouse
Corpus Christi, Texas 78401

Opinion No. H- 300

Re: The authority of the judge
of the Court of Domestic Rela-
tions of Nueces County.

Dear Mr. Smith:

You have asked our opinion on several questions relating to the
authority of the Court of Domestic Relations for Nueces County. Your
specific questions are:

> "1. May the Judge of the Domestic Relations
> Court of Nueces County act as "Presiding Judge, "
> thereby exercising administrative jurisdiction
> over the judges of the numbered district courts
> for Nueces County?
>
> "2. Under the provisions of Article 200b, may
> the Judge of Domestic Relations Court of Nueces
> County act as "Presiding Judge" in causes pending
> in numbered district courts and, as such,
>
> "(a) Assign to other courts of hearing:
>
> (1) Matters for final hearing.
> (2) Preliminary motions.
> (3) Pre-trial hearings.
>
> "(b) Set causes for trial.
> "(c) Grant motions for continuance.

"(d) Enter any other order not dispositive of any issue germane and requisite for the entry of a final judgment in any cause. If so, what such orders may be entered (such as pleas of privilege and motions in limine)?

"(e) Preside over any hearing on any motion on a cause pending in a numbered district court a ruling of which is not dispositive of any ultimate issue in the cause. (Example: Taking of deposition before a judge under RCP 215a).

"(f) Issue temporary restraining orders returnable to the court in which the cause is originally filed.

"(g) Qualify jurors for cases set for trial in numbered district courts, both civil and criminal.

"3. Does the jurisdiction provision of Section 3, Article 2338-10 pertaining to the Domestic Relation Court of Nueces County reading, "all cases involving justiciable controversies and differences between spouses, or between parents, or between them, or one of them, and their minor children, or between any of these and third persons, corporations, trustees or other legal entities, which are now, or may here-after be, within the jurisdiction of the District or County Courts"

"(a) Extend jurisdiction to all causes involved in suits by or against:

(1) Married persons.
(2) Parent and child.
(3) Any one of these.

"(b) Extend jurisdiction to probate matters,
or appeals thereon, where parties include
two or more immediate members of one family.

"4. Does the Domestic Relations Court of Nueces
County have jurisdiction of tax suits broughtby the State
or any òf its political subdivisions?

"5. May the judge of the Domestic Relations Court
of Nueces County preside over the general jury panel
for service as jurors in all of the County and District
Courts in Nueces County as provided under Article 2101,
Texas Revised Civil Statutes?"

The jurisdiction of the Court of Domestic Relations for Nueces County is set out in Vernon's Texas Civil Statutes, Art. 2338-10, § 3. The Sixtieth Legislature amended section 3 twice, and both are printed in the Vernon's edition.

Whether the two amendments are treated as complementary and read together or as irreconcilable with the second amendment repealing the first, we believe that for the purpose of responding to your questions the latter amendment (Acts 1967, ch. 565, p. 1242, § 7) is an accurate and complete statement of the court's jurisdiction. That amendment provides:

"Section 3. The Court of Domestic Relations for
Nueces County shall have the jurisdiction concurrent
with the District Courts in Nueces County of all cases
involving adoptions, removal of disability of minority
and converture, wife and child desertion, delinquent,
neglected or dependent child proceedings, Reciprocal

Support Act and all jurisdiction, powers and
authority now or hereafter placed in the District
or County Courts under the juvenile and child
welfare laws of this State; and of all divorce and
marriage annulment cases, including the adjustment
of property rights and custody and support of minor
children involved therein, alimony pending final
hearing and any and every other matter incident to
divorce or annulment proceedings as well as inde-
pendent actions involving child custody or support
of minors, change of name of persons; and all
other cases involving justiciable controversies and
differences between spouses, or between parents, or
between them, or one of them, and their minor children,
or between any of these and third persons, corporations,
trustees or other legal entities, which are now, or may
hereafter be, within the jurisdiction of the District or
County Courts; all cases in which children are alleged
or charged to be dependent and neglected children or
delinquent children as provided by law, of all suits
for trial of title to land and for the enforcement of liens
thereon, of all suits for trial of the right of property,
and said Court and the Judges thereof shall have power to
issue writs of habeas corpus, mandamus, injunction, and
all writs necessary to enforce their jurisdiction. "

Your first two questions require consideration of Article 200b,
Vernon's Texas Civil Statutes. That article applies to certain counties,
including Nueces County, and permits the election of a "presiding judge"
by and from the judges of those courts having any district court jurisdic-
tion. As the judge of the Court of Domestic Relations is the judge of a
court having some jurisdiction concurrent with district court jurisdic-
tion, it is our opinion he may serve as presiding judge. If permitted
by local rules he may, as presiding judge:

> ". . . assign and transfer any case pending in
> any of the courts to any other of the courts; he may
> direct the manner in which such cases shall be filed
> and docketed; he may assign any case or proceeding
> pending in any of the courts to the judge of any other
> of the courts; and he may assign the judge of any of the
> courts to try any case or hear any proceeding pending
> in any other of the courts."

Vernon's Texas Civil Statutes, Article 200b, § 4(a).  Under Section 2 of
that Article he may hear and determine matters pending in other courts
having district court jurisdiction in Nueces County.  However, the judge
of the Court of Domestic Relations may not act in any case which is not
within the potential jurisdiction of his court.  See, Vernon's Texas Civil
Statutes, Article 200b, § 6.

Your third and fourth questions are directed to the jurisdiction of
the Court of Domestic Relations of Nueces County under Art. 2338-10,
V. T. C. S.  Although the domestic relations court is given broad jurisdic-
tion, its jurisdiction is not coextensive with that of the district court.

After including within that court's jurisdiction various subject
matters over which domestic relations and juvenile courts in Texas
have traditionally exercised jurisdiction, the latest version of the section
conferring jurisdiction upon it continues:

> ". . . and all other cases involving justiciable controversies
> and differences between spouses, or between parents, or
> between them, or one of them, and their minor children, or
> between any of these and third persons, corporations, trustees
> or legal entities which are now, or may hereafter be, within
> the jurisdiction of the District or County Courts;. . . ."

A close and literal reading of this provision by itself would support a conclusion that jurisdiction has been conferred upon the Domestic Relations Court of Nueces County to hear and decide any case within the jurisdiction of either a district or a county court, unless all parties to the controversy whose interests conflict are childless, unmarried adults.

However, identical statutory provisions have been interpreted as limiting the courts jurisdiction to juvenile and domestic relation matters. Rader v. Rader, 378 S. W. 2d 371 (Tex. Civ. App. --Dallas 1964, writ ref'd n. r. e. ), see Pelej v. Winans, 422 S. W. 2d 152 (Tex. 1967). Also see Grider v. Noonan, 438 S. W. 2d 631 (Tex. Civ. App.--Corpus Christi, 1969, no writ). Therefore, it is our conclusion that the broad language of the statute has the effect of conferring only an ancillary jurisdiction to the domestic relations court where the resolution of disputed matters is incident to the determination of issues within the court's primary jurisdiction. Of course, the domestic relations court's jurisdiction is further limited to the extent that it may not deprive the county court of probate jurisdiction assigned by the Constitution. See Elliot v. Elliot, 208 S. W. 2d 709 (Tex. Civ. App.--Fort Worth 1948, writ ref'd n. r. e. ).

Your final question concerns the court's duties under Vernon's Texas Civil Statutes, Article 2101, which provides for interchangeable jurors. Although the general supervision of the program establishing interchangeable jurors is given to the county's district judges, there is no such express limitation on the judge who is assigned to have supervision and control over the jury panel. We believe the judge of the Court of Domestic Relations may act in that capacity.

Therefore, we answer all of your questions in the affirmative with the caveat that the Court of Domestic Relations of Nueces County has no authority under Article 200b, V. T. C. S. , to act beyond the jurisdiction granted it by Article 2338-10, § 3, V. T. C. S. Likewise, it may not act in such a manner as to deprive the county courts of its constitutional jurisdiction over probate matters. These two qualifications are particularly relevant to your third and fourth questions.

As each case would depend on its particular facts, it is impossible to categorically say that a particular class of cases is always within the jurisdiction of the Court of Domestic Relations of Nueces County.

### SUMMARY

The judge of the Court of Domestic Relations of Nueces County may act as presiding judge under Article 200b, V. T. C. S. , but he gains no authority to act beyond the jurisdiction granted the court in Article 2338-10, § 3, V. T. C. S.  That jurisdiction relates to juvenile and domestic relations matters and it is not coextensive with the jurisdiction of the district court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee