Lisa Gwen TULLY, Appellant,

v.

Ward Kevin TULLY, Appellee.

No. 13076.

Court of Civil Appeals of Texas, Austin.

Feb. 27, 1980.

Richard D. Coan, Coan & Terrill, Stephenville, for appellant.

Melvin Gray, San Angelo, for appellee.

SHANNON, Justice.

Appellee Ward Kevin Tully and appellant Lisa Gwen Tully married in February, 1978, and separated in July, 1978. In August, 1978, appellee filed suit for divorce against appellant in the district court of Mills County. At the time suit was filed, the parties had no children, but appellant was pregnant.

The case was tried and the court pronounced judgment on November 8, 1978. The judgment was signed on December 13, 1978, at which time appellant still was not delivered of child. The judgment granted the divorce, appointed appellant "Managing Conservator of the unborn child" and appellee "Possessory Conservator of the unborn child," ordered appellee to pay child support of seventy-five dollars each month upon birth of the child, and divided the property of the parties.

Appellant does not complain of that part of the judgment granting the divorce or dividing the parties' property. Appellant does complain of the appointment of conservators of the unborn child and of the order directing payment of child support upon birth of the child.

By her first point appellant claims as invalid and against "public policy" that part of the judgment determining conservatorship and child support before the birth of the child. Appellant states, accurately, that at the time of the rendition of the judgment there was " . . . no way the Court [could] predict such things as prenatal death, multiple births, deformities, complications concerning the medical costs, the welfare and health of the mother nor [sic] child." Appellant does not articulate any legal theory for reversal nor does she advance any authorities in support of her position.

For years the courts have protected the interests of parties in similar situations. The district court could have recited in the divorce judgment that appellant was pregnant with appellee's child. After birth of the child, appellant could have filed pleadings in the same cause in which the divorce was granted to obtain an order appointing conservators and requiring appellee to pay child support. *Ex parte Roberts,* 139 Tex. 644, 165 S.W.2d 83 (1942); *Slattery v. Hatmaker,* 255 S.W.2d 334 (Tex.Civ.App.1953, no writ); Tex. Family Code Ann. §§ 11.05 and 14.08 (1975).

■ This Court regards the part of the judgment attacked as being in violation of the rule requiring subject matter of judgments to be certain and definite. It is said, generally, that a judgment must be certain and definite. The validity and binding force of a judgment must depend upon facts existing at the time of its rendition. A judgment may not rest upon what may or may not occur after its rendition, and must take its validity from the action of the court and not from what persons may or may not do after the court has rendered the judgment. 1 Freeman, *Judgments,* § 79 (5th ed. 1925). The courts in Texas have recognized, in different contexts, the rule requiring certainty in judgments. See *Steed v. State,* 143 Tex. 82, 183 S.W.2d 458 (1944); *Sellman v. Lee,* 55 Tex. 319 (1881); *Spiva v. Williams,* 20 Tex. 442 (1857); *American Casualty and Life Insurance Co. v. Boyd,* 394 S.W.2d 685 (Tex.Civ.App.1965, no writ). No reason occurs why the rule should not be applied to judgments ordering child support payments.

■ The part of the judgment appointing conservators and ordering child support for the unborn child could become effective only upon the happening of an uncertain future event: the birth of a child. As suggested by appellant, there were multiple contingencies that could occur that would prevent the judgment from becoming operative. Although it was certain on December 13, 1978, that appellant was pregnant, it was surely uncertain and indefinite when, and if, she would be delivered of child.

That part of the judgment appointing conservators and ordering payment of child support is reversed and that part of the cause is remanded for new trial.

Reversed and Remanded.

SMITH, J., not sitting.